[No. F019309. Fifth Dist. Mar. 9, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
MARY LOU MAGPUSO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II-IV of Discussion.

## COUNSEL

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edgar A. Kerry and Jane Olmos, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THAXTER, J.**—We hold here that a defendant charged with kidnapping a person under the age of 14 years (Pen.[1] Code, §§ 207, subd. (a), 208, subd. (b)) may not rely on the defense of reasonable mistake as to the victim's age.

---

[1]All statutory references are to the Penal Code unless otherwise specified.

Appellant Mary Lou Magpuso, who is also known as Susan Christine Buckman, was convicted by a jury of one count of kidnapping to rob (§ 209, subd. (b); count four) and one count of kidnapping (§ 207, subd. (a); count five). As to the latter count the jury found that the victim was under the age of 14 years at the time the offense was committed. (§ 208, subd. (b).) In a bifurcated proceeding the trial court found that appellant had suffered a prior prison term within the meaning of section 667.5, subdivision (b).

Appellant was sentenced to life with the possibility of parole on count four. She was sentenced concurrently to the upper term of 11 years on count five. An additional one year was added as an enhancement pursuant to section 667.5, subdivision (b). The trial court ordered the sentence be served concurrent to any time imposed for parole violation.

## FACTS

On June 28, 1992, 17-year-old Uvaldo O. and 12-year-old Jose O. were walking on E Street in Fresno when a van pulled up alongside of them and stopped. Miguel Vasquez and appellant got out of the van and ordered the two boys to get in. Vasquez was holding a knife and threatened to harm Uvaldo if Jose did not get in. Both boys got into the van, which appellant then drove away.

Inside the van, Vasquez, holding the knife, robbed Uvaldo of his wallet which contained approximately $250 or $300. After giving Vasquez the wallet, Uvaldo opened the back door of the van in an attempt to escape. Vasquez told appellant to "move the van" and the van accelerated. Uvaldo fell out, injuring his shoulder and elbow. A short distance later, the van stopped and Jose was released. The van traveled approximately two miles after picking up the two boys and before Jose was released.

Later in the evening of the 28th, appellant and Vasquez were seen in the van. They were stopped, and arrested. Uvaldo's student identification card was found inside the van.

Appellant admitted to police she and her passenger picked up two light-complected Mexican males but claimed the two got into the van only to ask directions; she denied any involvement in a robbery.

DISCUSSION

*I. The reasonable mistake of age defense is not available in section 208, subdivision (b) cases.*

Section 208, subdivision (b) was added to the Penal Code as part of the Davis-Grisham Missing Children Act of 1986. (See Stats. 1986, ch. 249, § 7, p. 1316.) The statute provides an aggravated punishment for individuals who kidnap children under the age of 14 years. The statute is silent as to whether knowledge of the child's age is a necessary element of the offense.

Appellant requested the trial court to give an instruction that the jury must consider whether appellant knew Jose's age at the time of the offense. The court refused the request, and appellant claims this was error. Appellant argues she was entitled to such an instruction because a reasonable belief that Jose was at least 14 years old is a defense to the crime.

Acknowledging that no case has addressed this issue as it specifically relates to section 208, subdivision (b), appellant relies on, and argues by analogy from, *People* v. *Hernandez* (1964) 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092]. In *Hernandez* the state Supreme Court concluded an accused's good faith, reasonable belief that the victim was over the age of 18 was a defense to the charge of unlawful intercourse with a female under the age of 18 (who is not the defendant's wife). The offense, a violation of section 261.5, is commonly referred to as statutory rape.

Defendants have sought, with mixed results, to have courts apply the *Hernandez* rationale to various other criminal statutes which specify a victim's age. The defense of reasonable mistaken belief that the victim was over the specified age has been allowed when the defendant has been charged with annoying or molesting a child under 18 (*People* v. *Atchison* (1978) 22 Cal.3d 181 [148 Cal.Rptr. 881, 583 P.2d 735]), contributing to the delinquency of a minor (*ibid.*), soliciting a minor to use marijuana and cocaine (*People* v. *Goldstein* (1982) 130 Cal.App.3d 1024 [182 Cal.Rptr. 207]), and oral copulation with a minor (*People* v. *Peterson* (1981) 126 Cal.App.3d 396 [178 Cal.Rptr. 734]). The defense has been ruled unavailable, however, when the defendant was charged with lewd and lascivious conduct with a child under 14 (*People* v. *Olsen* (1984) 36 Cal.3d 638 [205 Cal.Rptr. 492, 685 P.2d 52]), selling a controlled substance to a minor (*People* v. *Williams* (1991) 233 Cal.App.3d 407 [284 Cal.Rptr. 454]), and furnishing marijuana to a minor (*People* v. *Lopez* (1969) 271 Cal.App.2d 754 [77 Cal.Rptr. 59].)

In *People* v. *Williams, supra,* 233 Cal.App.3d 407, the court reviewed *Hernandez* and the later cases which recognized, or refused to recognize, the reasonable mistake of age defense. The *Williams* court cogently and succinctly explained the basis for the seemingly different results in those cases. Unable to improve upon the *Williams* court's statement, we will quote it extensively:

"*People* v. *Lopez* (1969) 271 Cal.App.2d 754 [], is the controlling case on this issue. In *Lopez,* we held that a *Hernandez* defense is not available to a charge of furnishing marijuana to a minor. The *Lopez* decision pointed out that there is 'nothing in the acts of the Legislature to indicate that Health and Safety Code section 11352 applies only when the offender knows he is dealing with a minor.' (*Id.* at p. 760.) Instead, the sale-to-minor provisions 'simply provide . . . greater punishment when the offeree is a minor. As a general proposition, it has been said that a mistake of fact relating only to the gravity of an offense will not shield a deliberate offender from the full consequences of the wrong actually committed.' (*Id.* at pp. 760-761.)

"The specific intent for the crime of selling cocaine to a minor is the intent to sell cocaine, not the intent to sell it to a minor. (271 Cal.App.2d at p. 761; see also *People* v. *Brown* (1960) 55 Cal.2d 64, 68 [].) It follows that ignorance as to the age of the offeree neither disproves criminal intent nor negates an evil design on the part of the offerer. It therefore does not give rise to a 'mistake of fact' defense to the intent element of the crime. (See Pen. Code, § 26, subd. three; *People* v. *Lopez, supra,* 271 Cal.App.2d 754, 761.)

"For these reasons, appellant's case, like *Lopez,* is distinguishable from *People* v. *Hernandez* and other cases that allow a *Hernandez*-type defense. The *Hernandez* court recognized the use of a mistake of age defense against the crime of statutory rape because ' " 'an honest and reasonable belief in the existence of circumstances, which, if true, would make the act for which the person is indicted an *innocent* act, has always been held to be a good defense.' " ' (*People* v. *Hernandez, supra,* 61 Cal.2d 529, 535, italics added.) The same principle has been applied to such crimes as molesting a minor (Pen. Code, § 647.6, formerly 647a), contributing to the delinquency of a minor (Pen. Code, § 272; see *People* v. *Atchison* (1978) 22 Cal.3d 181 []), and participation in an act of oral copulation with another person who is under 18 years of age (Pen. Code, § 288a, subd. (b)(1); see *People* v. *Peterson* (1981) 126 Cal.App.3d 396 []). In each case, 'had the defendant's mistaken view of the facts been correct, it would have precluded a finding of criminal intent or evil design and the defendant's conduct by itself would

have been entirely innocent.' (*People* v. *Parker* (1985) 175 Cal.App.3d 818, 822 [223 Cal.Rptr. 284].) This cannot be said about the appellant's conduct in the case before the court. Selling cocaine to a minor falls within a category of crimes in which criminal intent exists 'regardless of a defendant's mistaken belief or lack of knowledge. . . .' (*Ibid.* [mistake of fact defense unavailable against a charge of first and second degree burglary, even though appellant claimed he did not know building entered was inhabited dwelling house].)

"Appellant argues that *People* v. *Goldstein, supra,* 130 Cal.App.3d 1024, reached a different result. In *Goldstein,* the court allowed a *Hernandez* defense against a charged violation of [Health and Safety Code] section 11353. Even though the defendant in that case violated the same statute as did appellant in this case, the specific charges were significantly different. In *Goldstein,* the charge was soliciting, inducing, encouraging, and intimidating a minor to knowingly use a narcotic. ([Health & Saf. Code,] § 11353, subd. (a).) The court recognized a mistake of age defense because '[i]t is *not* a criminal offense to so "solicit, induce, encourage, and intimidate" adult persons.' (130 Cal.App.3d at p. 1036, italics in original.) As we have seen, it *is* criminal to sell narcotics to persons of any age.

"Finally, appellant relies on *People* v. *Olsen, supra,* 36 Cal.3d 638, which holds that a strong public interest in protecting children under 14 precluded a *Hernandez* defense against the charge of lewd or lascivious conduct with a child under the age of 14 (Pen. Code, § 288, subd. (a)). Appellant argues that since the charge in his case has nothing to do with children under 14, the defense should be available. We do not agree with this reading of the decision in *Olsen.*

"The *Olsen* court concluded that a *Hernandez* defense is not available when its application would violate a strong public policy. (*People* v. *Olsen, supra,* 36 Cal.3d 638, 644.) The court recognized that the public interest in preventing the sale of narcotics to minors is analogous to the public interest that precludes lewd and lascivious acts on a minor. The mistake of age defense is not available in either case. (*Ibid.*) The public interest involved in sale of drugs cases was articulated in *Lopez:* 'The public takes an extremely grave view of adults who furnish narcotics to minors, and this attitude is reflected in the Legislature's determination that those who deal with minors shall be punished by longer terms than those who deal with adults. It seems most probable that the Legislature intended that the narcotics dealer be punished for the harm he actually inflicts, even though he intended a less serious offense.' (*People* v. *Lopez, supra,* 271 Cal.App.2d 754, 760-762.) To

paraphrase the language of *Olsen*, a narcotics dealer who sells cocaine to a minor, even with a good faith and reasonable belief that the offeree is over 18, 'does so at his or her peril.' (*People* v. *Olsen, supra*, 36 Cal.3d 638, 649.) The trial court properly denied defendant's request for a special instruction regarding mistake of age." (233 Cal.App.3d at pp. 410-412.)

The factors which led the *Williams* court to reject the *Hernandez*-type defense apply equally here. The intent required for a conviction of simple kidnapping is not the specific intent to kidnap a person under 14, but simply general criminal intent. (*People* v. *Thornton* (1974) 11 Cal.3d 738, 765 [114 Cal.Rptr. 467, 523 P.2d 267].) The age provision in section 208, subdivision (b) merely affects the gravity of the offense. Appellant's ignorance of Jose's age does not disprove criminal intent. In *Hernandez,* if the facts were as the defendant may have reasonably believed them, he would have been innocent of any criminal wrongdoing. Appellant cannot make that claim. She was committing a criminal act, with criminal intent, *regardless* of her belief as to Jose's age.

The public policy reason expressed by the *Williams* court is also applicable here. Section 208, subdivision (b) has essentially the same legislative purpose as does section 288—to protect children against harm from amoral and unscrupulous persons who prey on the innocent. Both statutes address what the *Hernandez* court described as children of "tender years." On the other hand, the statute with which the *Hernandez* court was involved, section 261.5, often involves young females closer to adulthood. The public policy supporting section 261.5 is a societal interest in preventing unwanted teenage pregnancy. (*Michael M.* v. *Superior Court* (1979) 25 Cal.3d 608, 611-613 [159 Cal.Rptr. 340, 601 P.2d 572], affd. (1981) 450 U.S. 464 [67 L.Ed.2d 437, 101 S.Ct. 1200].) Section 261.5 is invoked primarily in cases where there is no element of force and the minor female involved willingly participated in the sexual conduct. On the other hand, most section 288 cases and all section 208, subdivision (b) cases involve an element of force and an unwilling and vulnerable victim. The public policy underlying the latter sections justifies punishment for the offense actually committed even though the perpetrator may have reasonably thought he or she was committing a less grave offense.

The court properly rejected appellant's requested jury instruction.

II.-IV.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISPOSITION

The judgment is affirmed. The matter is remanded with directions to correct the abstract and the indeterminate sentence choice report in accordance with our opinion herein and to provide corrected copies of both to the Department of Corrections.

Dibiaso, Acting P. J., and Buckley, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 15, 1994.

---

*See footnote, *ante*, page 112.