[No. F030424. Fifth Dist. Apr. 27, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
ULISSES PAZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Facts and part V.

**COUNSEL**

Andrew Capelli, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Acting Chief Assistant Attorney General, and W. Scott Thorpe, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**DIBIASO, Acting P. J.**—We hold that a reasonable, good faith mistake about the age of a 14- or 15-year-old victim is not a defense to a charge under Penal Code section 288, subdivision (c)(1).

A Stanislaus County jury convicted 28-year-old appellant, Ulisses Paz, of, among other conduct, lewd or lascivious acts upon 14-year-old H.G. (Pen.

Code,[1] § 288, subd. (c)(1)[2] [victim 14 or 15 years old and defendant at least 10 years older]). At sentencing on this conviction and on two violations of probation, the court committed appellant to state prison for the middle base term of two years (§ 288, subd. (c)(1)) and for a consecutive one-year term for violation of probation on a prior conviction for possession of controlled substance in prison (§ 4573.6).

## FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I.

At trial, H.G. admitted she told appellant she was 16 years old, when in fact she was only 14. Relying on that testimony, appellant contends the trial court had a sua sponte duty to instruct on reasonable, good faith mistake of age and asks this court to recognize the theory as a defense to a charge under subdivision (c)(1) of section 288 (hereafter subdivision (c)(1)). Appellant acknowledges the 1984 California Supreme Court opinion in *People v. Olsen* (1984) 36 Cal.3d 638 [205 Cal.Rptr. 492, 685 P.2d 52], which held that reasonable mistake of age is *not* a defense to a charge under section 288, subdivision (a) (lewd acts on a child *under* the age of 14). The *Olsen* court reasoned that children under age 14 are in need of special protection "not given to older teenagers," citing section 26, a statute which creates a rebuttable presumption that children under age 14 are incapable of knowing the wrongfulness of their actions and are therefore incapable of committing a crime. (*People v. Olsen, supra,* 36 Cal.3d at pp. 647-648.) Notwithstanding *Olsen* or section 26, and citing *Staples v. United States* (1994) 511 U.S. 600 [114 S.Ct. 1793, 128 L.Ed.2d 608], appellant argues the offense involving a 14- or 15-year-old victim described in the later-enacted subdivision (c)(1) does not warrant the same public policy child protection given by the law to victims *under* the age of 14.

### II.

Adoption of appellant's position would undermine the purpose the Legislature sought to achieve by enacting subdivision (c). The pertinent legislative

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

[2]At the relevant time, section 288, subdivision (c)(1), read as follows: "Any person who commits [any lewd or lascivious] act . . . with the [requisite] intent . . . , and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense and shall be punished by imprisonment in the state prison for one, two, or three years, or by imprisonment in a county jail for not more than one year."

*See footnote, *ante,* page 293.

history discloses that Assembly Bill No. 3835, which added (as a new provision) subdivision (c) to section 288,[8] was sponsored by the San Joaquin County Sheriffs' Association and carried by Assemblyman Norman Waters. The bill was offered to close a perceived loophole in the felony laws, with respect to 14- and 15-year-olds, between felonious lewd conduct with a child under 14 (§ 288, subd. (a)) and unlawful sexual intercourse with a child under 18 (§ 261.5). According to the bill's proponents, the only available criminal charge applicable to lewd conduct on a child who had just turned 14 was a misdemeanor under section 647.6, although the same conduct would constitute a felony if the child were under 14. According to the advocates of the bill, on and after the day of a child/victim's 14th birthday, a perpetrator could commit all nature of lewd acts on or with the child and, so long as no act of penetration occurred, the perpetrator would not face felony punishment. This state of affairs meant a seven-year difference between the maximum penalties for the same conduct committed, on the one hand, upon a victim age 13 (eight years; § 288, subd. (a)) and, on the other, upon a victim age 14 (one year; § 647.6).[9]

California Attorneys for Criminal Justice (CACJ) was one of a handful of organizations to oppose the legislation. CAJC set out its objections as follows:

"Current law was carefully drafted to proscribe lewd and lascivious acts against children. The choice of the age of 14 as a cutoff was not made arbitrarily, but as an appropriate dividing line between acts which were committed knowingly upon children, and acts which were engaged in by teenagers who consented to them. Broadening the age category to 14 and 15 year olds runs the risk of criminalizing the behavior of teenagers who are engaging in consensual [sic] activity, and increases the danger of conviction of a person who believes a 15 year old who claims that she is 18.

"We believe that current law is sufficient to protect children from improper sexual activity, and that expanding the offense to include 14 and 15 year olds will serve only to criminalize innocent and consensual activity." (Legis. Advocate Melissa K. Nappan, CACJ, letter to Assem. Member Norman Waters, Mar. 15, 1988.)

The problem posed by CAJC—the prosecution of a minor for sexual conduct short of intercourse between consenting teenagers—was resolved by

---

[8]Following a later amendment effective January 1, 1996, subdivision (c), which was effective as of January 1, 1989, became subdivision (c)(1).

[9]In addition, the bill's proponents pointed out that the three-year felony, rather than the one-year misdemeanor, statute of limitations would apply to the new subdivision (c).

a later amendment to Assembly Bill No. 3835, which added the minimum 10-year age differential between victim and perpetrator now found in subdivision (c)(1). Another later amendment would have punished the described conduct only if it occurred *without the consent* of the 14- or 15-year-old, but objections to this language caused the bill's author to delete it.[10]

We see in this statutory background a legislative desire to protect 14- and 15-year-olds from predatory older adults to the same extent children under 14 are protected by subdivision (a) of section 288. (*People v. Pieters* (1991) 52 Cal.3d 894, 898-899 [276 Cal.Rptr. 918, 802 P.2d 420] [primary purpose of statutory construction is the effectuation of the purpose of the law].) Subdivision (c) (now (c)(1)) was enacted to make the lewd conduct proscribed by subdivision (a) subject to felony punishment when committed on slightly older victims by considerably older adults. The inclusion of the decade age difference in the subdivision reflects a recognition that a "sexually naïve" (*People v. Hernandez* (1964) 61 Cal.2d 529, 536 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092]) child of 14 or 15 could fall victim to a more experienced adult, a vice the Legislature was attuned to and took action to prevent. Both subdivisions (a) and (c)(1) of section 288 are directed at protecting infants, children and those in their early teens from sexual exploitation by adults. Thus, section 288 offenses set out a *hierarchy of victims*, from the most vulnerable—infants and children under subdivision (a)—to those perceived as less vulnerable—young teenagers under subdivision (c)(1). The age distinctions help define the gravity of, and the range of punishment for, the offense.[11]

The absence of any consent element in the statute also strongly suggests the Legislature did not intend the "understanding" of the perpetrator to affect the application of the subdivision. (See *In re Donald R.* (1993) 14 Cal.App.4th 1627, 1629 [18 Cal.Rptr.2d 442].) In fact, the Legislature's prescription of a lower range of prison terms and alternate misdemeanor punishment for a violation of subdivision (c)(1) promotes the opposite conclusion. Subdivision (c)(1) permits the trial court to fashion a sentence consistent with the realities of the particular crime and discloses a legislative acknowledgement that some 14- and 15-year-olds may be more sexually sophisticated than others in those two age groups. This difference in the punishments indicates the Legislature had no intention of permitting defenses based upon the "understanding" of the perpetrator to be raised against

---

[10]At one point in the legislative process, the Department of Justice prepared an analysis of Assembly Bill No. 3835, in which the analyst suggested an alternative to the proposed legislation—simply raising the age of victims under present subdivision (a). This suggested amendment is not addressed in the later history of subdivision (c).

[11]In its early stages, Assembly Bill No. 3835 proposed a felony punishment of 16 months, two and three years and that a violation could be a felony or a misdemeanor regardless of the age of the perpetrator.

a subdivision (c)(1) charge; if in a particular case there exist extenuating circumstances, such as a mistake about the victim's age, the statute allows for consideration of the factor for sentencing purposes.[12] (*People v. Pieters, supra,* 52 Cal.3d at pp. 898-899 [statutes are to be construed in the context of the entire law of which the statute is a part].)

Moreover, *People v. Olsen, supra,* 36 Cal.3d 638 was in the books four years before former subdivision (c) was enacted. We presume the Legislature was aware of the decision and its public policy rationale; the lack of any language in former subdivision (c) concerning reasonable mistake of age is some evidence the Legislature did not want to forbid application of the *Olsen* rationale to this later subdivision, a part of the same statute dealt with in *Olsen.* Had the Legislature desired to make a reasonable mistake about age a defense to a subdivision (c) charge, it had a ready example of appropriate text in section 1203.066, subdivision (a)(3). This statute, enacted in 1981, provides in relevant part that probation may not be granted to persons convicted of violating section 288, subdivision (a) under certain circumstances "unless the defendant honestly and reasonably believed that the victim was 14 years or older."

"Statutes such as section 288 necessarily involve line-drawing." (*In re Donald R., supra,* 14 Cal.App.4th at p. 1632.) At one time the Legislature decided that the age of 14 was the appropriate line of demarcation. After hearing the proposals and arguments in favor of and against the bill to add what ultimately became subdivision (c)(1) to section 288, the Legislature exercised its prerogative and elected to make potential felonies of lewd acts against 14- and 15-year-olds, just as such acts are felonies when committed upon children 13 and under. We therefore believe the public policy rationale of *Olsen* for rejecting good faith mistake of age in section 288 cases involving victims under age 14 holds true for victims of ages 14 and 15 as well—"to protect children against harm from amoral and unscrupulous [adults] who prey on the innocent." (Cf. *People v. Magpuso* (1994) 23 Cal.App.4th 112, 118 [28 Cal.Rptr.2d 206].)

### III.

We do not find *Staples v. United States, supra,* 511 U.S. 600, to be relevant here. In *Staples,* the defendant was convicted of possession of an unregistered firearm (to wit, a machine gun) after the court refused to give his

---

[12]At the sentencing hearing here defense counsel did point out the decreasing range of sentences evident in the descending subdivisions of section 288 in arguing that the offense found by the jury to have been committed by appellant was "less serious" than other offenses described in the statute and—inferentially—that this fact should be considered in imposing punishment upon appellant.

proposed jury instruction to the effect that the government was required to prove beyond a reasonable doubt that Staples knew the semiautomatic rifle seized from his home would fire automatically.[13] The Supreme Court reversed, determining the statute was not a public welfare or regulatory offense to which the presumption favoring the incorporation of a mens rea element into the definition of the crime was inapplicable. The court envisioned a situation where criminal sanctions (up to 10 years imprisonment) could be imposed on a class of persons whose mental state—ignorance of the characteristics of a possessed weapon—made their actions entirely innocent. (*Staples v. United States, supra,* 511 U.S. at pp. 614-615 [114 S.Ct. at pp. 1801-1802].)

Here, aside from the fact appellant was not facing potential exposure to anything close to a 10-year prison term, his actions, even under the most favorable interpretation of the relevant facts, could not possibly be construed as "entirely innocent." (*Staples v. United States, supra,* 511 U.S. at p. 615 [114 S.Ct. at p. 1802].) We explain.

In 1964 the California Supreme Court held that a defendant's good faith and reasonable belief a victim was 18 years or older can provide a defense to a charge of statutory rape (now known as unlawful sexual intercourse with a person under 18 (§ 261.5)), if the evidence proves the defendant lacked criminal intent. (*People v. Hernandez, supra,* 61 Cal.2d at p. 536.) In *Hernandez,* the court reiterated language in *People v. Vogel* (1956) 46 Cal.2d 798, 804 [299 P.2d 850] [good faith belief that former spouse obtained divorce is a defense to bigamy] that the severe penalties exacted for bigamy made it " 'extremely unlikely that the Legislature meant to include the *morally innocent* to make sure the guilty did not escape.' " (*Hernandez* at p. 535, italics added.) The *Hernandez* court also stated: " ' "At common law an honest and reasonable belief in the existence of circumstances, which, if true, would make the act for which the person is indicted an *innocent act,* has always been held to be a good defense. . . . So far as [we are] aware it has never been suggested that these exceptions do not equally apply to the case of statutory offenses unless they are excluded expressly or by necessary implication." ' [Citations.]" (*Hernandez* at pp. 535-536, italics added.)

The court added that its holding was "in no manner indicative of a withdrawal from the sound policy that it is in the public interest to protect the sexually naive female from exploitation." (61 Cal.2d at p. 536.)

---

[13]The semiautomatic rifle in issue normally fired only once with each trigger pull, but Staples's weapon had been modified for fully automatic fire; he testified he had never fired it automatically and was unaware it possessed such capacity. (*Staples v. United States, supra,* 511 U.S. at pp. 602-603 [114 S.Ct. at pp. 1795-1796].)

The facts underlying appellant's subdivision (c)(1) conviction do not raise the same concerns articulated by the courts in *Staples*, *Hernandez* and *Vogel*. A lewd act, as defined by section 288, subdivision (a) committed with any minor under age 18 is not "entirely innocent" conduct; it would violate at least section 647.6 (annoying or molesting a child under 18)[14] or section 272 (contributing to the delinquency of a child under 18), both misdemeanors. Although an instruction on the defense of reasonable mistaken belief that the victim was 18 or over has been sanctioned in cases involving charges under section 647.6 or section 272 (*People v. Atchison* (1978) 22 Cal.3d 181, 183 [148 Cal.Rptr. 881, 583 P.2d 735]), the facts established at the trial in this case would, *at most*, support a reasonable belief by appellant that H.G. was *age 16*. Appellant therefore is not in a position akin to that of the "morally innocent" defendants in *Hernandez* or *Vogel*—the defendant who believed he was free to marry following a divorce (*Vogel*) or the defendant who thought he was having consensual intercourse with another adult (*Hernandez*). Nor is appellant in the position of the defendant in *Staples*, whose professed ignorance of the characteristics of a weapon seized from his home would have made his act of possession "entirely innocent." (*Staples v. United States, supra*, 511 U.S. at p. 615 [114 S.Ct. at p. 1802].)

## IV.

The case law does not undermine our conclusion. The courts have regularly refused to extend *People v. Hernandez, supra*, 61 Cal.3d at page 529, to section 288 crimes. (See cases collected in *In re Donald R., supra*, 14 Cal.App.4th at p. 1629.) In *In re Donald R.*, the court rejected the *Hernandez* rationale in a situation where a minor was charged with violating section 288, subdivision (a). The court noted the tender years (13 or less) of the victims and the fact that minors are equally liable with adults for such offenses. In part, the court said: " 'There exists a strong public policy to protect children of tender years . . . [and] section 288 was enacted for that very purpose.' ([*People v. Olsen, supra*, 36 Cal.3d] at p. 646 [a good faith, reasonable belief that the victim was 14 years or over is not a defense to a § 288 charge] [15].) Although *Hernandez* allowed mistake of age to be raised as a defense to a charge of unlawful sexual intercourse, ' "the philosophy

---

[14]The jury convicted appellant of annoying or molesting a child (§ 647.6). Under the instant facts, it could not be considered a lesser included offense of section 288; the offense of child annoyance requires commission of an objectively irritating or offensive act of annoyance or molestation, an element not necessarily present in the elements of section 288. (*People v. Lopez* (1998) 19 Cal.4th 282, 289-291 [79 Cal.Rptr.2d 195, 965 P.2d 713]; *People v. Memro* (1995) 11 Cal.4th 786, 871 [47 Cal.Rptr.2d 219, 905 P.2d 1305] [§ 288 requires a lewd touching or constructive lewd touching (overt contact or intrusion on body)].)

[15]*People v. Olsen, supra*, 36 Cal.3d 638, was decided before the enactment of subdivision (c) in 1988, adding culpability for acts involving 14- and 15-year-old victims to section 288.

applying to violations of [section 288] is entirely different from that applying to [unlawful sexual intercourse]" ' (*Olsen, supra*, 36 Cal.3d at p. 645, quoting *People* v. *Toliver* [(1969)] 270 Cal.App.2d 492, 495 [75 Cal.Rptr. 819].) *Hernandez* recognized that, whereas consent may be considered an element of statutory rape, violation of section 288 does not involve consent of any kind. (*Hernandez, supra*, 61 Cal.2d 529, 531; accord, *Olsen, supra*, 36 Cal.3d at p. 645.)" (*In re Donald R., supra*, 14 Cal.App.4th at p. 1631.)

Even more recently, in *People v. Magpuso, supra*, 23 Cal.App.4th 112, this court declined to apply *Hernandez* to require an instruction on reasonable mistake of age in a prosecution under section 208, subdivision (b) (kidnap of a child under the age of 14). There, the defendant's purported ignorance of the victim's age did not eliminate criminal intent; unlike persons charged with violating a statute that proscribes conduct with minors which would be innocent if committed with an adult, the defendant in *Magpuso* had committed a criminal act—kidnapping of a person—with criminal intent, regardless of her belief as to the child's age. (*Magpuso*, at p. 118.)

As did these and other courts with respect to other subparts of section 288, we reject the proposition that reasonable mistake of age provides a potential defense to a charge under subdivision (c)(1) of this statute.

## V.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Harris, J., and Kalashian, J.,† concurred.

---

*See footnote, *ante*, page 293.

†Judge of the Tulare Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.