Filed 4/3/14  P. v. L'ilith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072155 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 12F00070) |
| MARK L'ILITH, | |
| Defendant and Appellant. | |

A jury convicted defendant Mark L'Ilith on six counts of committing lewd and lascivious acts with a 14-year-old boy, in which the defendant was at least 10 years older than the victim.  The trial court sentenced defendant to six years four months in prison.

On appeal, defendant contends the trial court abused its discretion in admitting evidence of some sexually explicit e-mails authored by defendant, and in excluding other e-mails from defendant that would have clarified that he liked sex with "barely legal"

1

boys, not minors.  He also contends he received ineffective assistance of counsel and that the trial court abused its discretion in imposing the upper term on the count one conviction.

We conclude there was no error or abuse of discretion and no ineffective assistance.  We will affirm the judgment.

BACKGROUND

In October 2011, defendant met a 14-year-old boy in the men's bathroom of the Sacramento Public Library, Carmichael, and engaged in sexual conduct with him in the bathroom's accessible stall.  The two met again in the same stall on two later occasions and, each time, defendant ejaculated into the boy's mouth.  On one occasion, the boy testified that defendant said, "[D]addy like it," and "suck [my] dick again."

The boy later exchanged notes with a friend describing the sexual encounters and mentioning that the man was 43 years old.  A friend of the boy's mother found the notes.  The boy later described the incidents to a detective but said he did not want to get defendant into trouble.  The boy said he told defendant his age and defendant found the 30-year age difference "cool."  The boy also said he hoped to meet the defendant again for further sexual contact.  He testified that he did not think what happened was wrong and would not have reported it if his notes had not been found.

Police eventually identified defendant from an independent investigation at the library and from an e-mail address he had written on a slip of paper and given to the boy.  In response to a warrant, police obtained over 3800 e-mails associated with the e-mail address.  A handful of those authored by defendant were redacted and admitted into evidence.

The admitted e-mails were dated within a few weeks of the date defendant met the boy at the library.  Several were written from a public computer at the library and pertained to arrangements for sexual liaisons in the library bathroom, while others expressed defendant's interest in "father/son incest" and no-condom ("bareback") sex

2

with young men or boys, "the younger the better." E-mail attachments included nude photographs of defendant with an erect penis and a piercing on his scrotum matching the victim's description.

The trial court denied defendant's request to admit earlier e-mails in an effort to clarify that he liked to have sex with "barely legal" boys, not minors.

An amended information charged defendant with eight counts of violating Penal Code section 288, subdivision (c)(1), lewd or lascivious acts with a child 14 or 15 years old, with the perpetrator being at least 10 years older than the victim. Four of those counts (counts one, two, four, and five) alleged separate instances of oral copulation; three of the counts (counts three, six and seven) alleged that defendant placed his finger on or in the victim's anus; and one of the counts (count eight) alleged that defendant kissed the victim.

The jury convicted defendant on counts one, two, three, four, five and eight. The jury could not reach a verdict on counts six and seven and those counts were dismissed.

The trial court sentenced defendant to the upper term of three years in prison on count one, plus a consecutive eight months each on counts two, three, four, five and eight, for an aggregate term of six years four months in prison.

DISCUSSION

I

Defendant contends the trial court abused its discretion and violated due process by admitting "marginally relevant, inflammatory" e-mails "referencing 'disgusting' sexual facts." Defendant does not deny that he wrote the e-mails or that he attached the photograph of himself. He even acknowledges that the e-mails were probative of a pattern of sex in the accessible stall at the Carmichael library. He contends, however, that references to sex with "young" or "younger" boys impermissibly suggested unlawful conduct with minors when, in fact, those terms "likely" referred to young men, not minors. The undue prejudice of the evidence, he contends, was that the messages

3

"evoked an emotional bias" against defendant "by painting him as a sex-craved disgusting deviant."

A trial court has discretion to exclude evidence if the probative value of the evidence is substantially outweighed by the probability that admitting the evidence will create a substantial danger of undue prejudice. (Evid. Code, § 352.)[1] Undue prejudice is demonstrated when evidence " 'tends to evoke an emotional bias against a party as an individual, while having only slight probative value with regard to the issues.' " (*People v. Samuels* (2005) 36 Cal.4th 96, 124, quoting, in part, *People v. Crittenden* (1994) 9 Cal.4th 83, 134.) A trial court abuses its discretion when its evidentiary ruling falls outside the bounds of reason. (*People v. Hollie (*2010) 180 Cal.App.4th 1262, 1274.) On appeal, we review the record to assure that the trial court engaged in the appropriate weighing process. (*Id*. at p. 1275.) In this case, it did.

The trial court admitted one e-mail, dated October 7, 2011, which said: "u look like fun and i will be glad to send pics when u reply[.] [I]n the meantime my [name] is mark beast[.] [S]ome o[f] my interests are father/son incest and sons who fart while daddy is fucking them." The trial court ruled that this e-mail and others saying "things like, quote, daddy likes it and, quote, suck daddy's dick" and " 'the younger the better' " were admissible because they were "relevant to ID, motive, as well as circumstantial evidence corroborating what the victim said."

The trial court considered defendant's objections but concluded that the probative value of the evidence was high because the defense claimed the victim fabricated his story. Nonetheless, the trial court ordered redaction and excluded other writings authored by defendant.

---

[1] Undesignated statutory references are to the Evidence Code.

Addressing defendant's objection that there was no evidence the e-mail solicitations were addressed to underage boys, the trial court found the e-mails were nonetheless more probative than prejudicial. The trial court said defense counsel could argue to the jury that "young" in the e-mails did not mean "underage." Defense counsel did so, arguing that defendant was the "victim . . . of some outrageous lies" and emphasizing that none of the e-mails mentioned ages under 18 and no one could even get into the website from which the e-mails were generated without affirming that the person was over 18.

Defendant did not object to admission of the nude photograph of himself. Sending the photograph and e-mails did "paint[]" him in an unfavorable light, but the trial court limited undue prejudice by admitting only the statements that tended to rule out the possibility of mistaken identity, which was the key issue at trial. The trial court did not abuse its discretion in admitting the e-mails, and the admission of the e-mails did not render the trial fundamentally unfair.

## II

Defendant next contends two of the e-mails he authored were improperly excluded from evidence. Defendant sought admission of an e-mail dated March 3, 2011, which said: "I hope you're for real. I've been waiting to start a porn company, nothing but conversion movies, boys barely legal getting pumped full of AIDS by men at least 20 years older." He also sought admission of another e-mail dated March 12, 2011, in which he responded to a question about the youngest boy he had "bred" by saying: "Eighteen, of course. Younger than that would be illegal." Defense counsel asked that the references to conversion movies and AIDS be redacted, but that the jury see defendant's other statements because they showed his interest in young boys of legal age.

The trial court denied defendant's request to admit the proffered e-mails because they were hearsay. The trial court added: "And I don't believe they would be admitted under [section] 356."

5

Defendant argues the trial court erred in ruling that the e-mails were not admissible under section 356. That section provides that "if part of an act, conversation, declaration, or writing is placed in evidence, the adverse party may inquire into 'the whole *on the same subject*.' " (*People v. Arias* (1996) 13 Cal.4th 92, 156, original italics.) The purpose of the section is to prevent a misleading impression caused by presenting selective portions of evidence without the entire context. (*Id*. at p. 156.) As defendant notes, it has been called an "elementary" rule of criminal law that when a defendant's admissions are permitted to go to the jury, the entire statement must be included, provided it is " ' "relevant to, and [was] made on the same occasion as the statements introduced by, the prosecution." ' " (*People v. Stallworth* (2008) 164 Cal.App.4th 1079, 1098.)

Here, however, the trial court determined that the proffered e-mails were created many months before any of the admitted e-mails, were not part of any conversation identified in the admitted e-mails, and did not provide context or meaning for the admitted e-mails. The trial court applied the correct legal standards and did not abuse its discretion in ruling that section 356 did not apply. (See *People v. Waidla* (2000) 22 Cal.4th 690, 725 [abuse of discretion standard applies to admission of evidence].)

Defendant further argues that the excluded evidence was not hearsay and, in any event, was admissible under section 1250 as a statement of his then existing state of mind. He admits, however, that his trial counsel did not argue in the trial court that the e-mails were not hearsay or that they were admissible under section 1250. Nonetheless, defendant claims his arguments are not forfeited because it would have been futile to assert them in the trial court, given the trial court's determinations regarding the proffered e-mails. He also argues his trial counsel was ineffective in failing to argue that the e-mails were not hearsay or that they were admissible under section 1250.

Assuming defendant's arguments are not forfeited because it would have been futile to assert them in the trial court, then defendant's trial counsel was not deficient for

failing to assert the arguments and defendant's claim of ineffective assistance lacks merit. Moreover, even if the proffered e-mails were not offered for the truth of the matter asserted, the trial court did not err in excluding them; they were not probative of defendant's state of mind at the time he met the victim. This conclusion also defeats defendant's section 1250 argument. As we have explained, the trial court determined that the proffered e-mails were created many months earlier and did not provide "context" under section 1250.

Defendant next argues that the admission of some e-mails and the exclusion of others deprived him of his constitutional right to present a defense. As a general matter, a defendant's constitutional right to present a defense is not abridged by application of the ordinary rules of evidence. (*People v. Boyette* (2002) 29 Cal.4th 381, 427-428.) And in this case, the trial court allowed defendant to explore on cross-examination, and to argue in closing, that the e-mails were all generated from a website for persons over 18. Defendant was not denied his right to present a defense.

III

Defendant also claims he was denied effective assistance of counsel because his trial attorney failed to seek admission of certain evidence pertaining to the victim's credibility.

The victim exchanged notes with a friend describing the sexual encounters with defendant. A friend of the victim's mother found the notes. Defense counsel questioned the woman who found the notes, asking why she did not call the police after discovering them. Trial counsel asked: "Did you believe it was not your place to do that?" The witness replied, "No. There have been notes written before that weren't true, so --" At that point the prosecutor objected and moved to strike the response, and the trial court sustained the objection and ordered the response stricken. Defense counsel went on to establish that the boy's mother had not called police, either.

7

Defendant argues his counsel was deficient because counsel did not argue that the stricken testimony was admissible, and counsel did not seek to elicit the witness's opinion regarding the victim's character for truthfulness. Regarding the stricken statement, counsel was not deficient for failing to make a futile argument after the trial court ruled on the prosecutor's objection and motion to strike. As for the witness's opinion regarding the victim's character for truthfulness, defendant merely speculates as to what the witness's opinion might have been based on the stricken statement; moreover, defendant does not show how the opinion would have tended to counter the other evidence corroborating the boy's account.

Deciding how rigorously a witness should be questioned or cross-examined at trial is inherently discretionary and rarely implicates constitutional adequacy of representation. (*People v. Bolin* (1998) 18 Cal.4th 297, 334.) To prove that it does rise to that level, a defendant may not simply ask the court to speculate about what might have been; defendant must indicate what the witness might have said and its likelihood for exonerating him. (*Ibid*.) Because he has not done so, defendant's claim of ineffective assistance of counsel lacks merit.

IV

Finally, defendant contends the trial court abused its discretion by imposing the upper term of three years on count one. He claims this is so because the trial court did not properly credit the victim's views regarding the appropriate sentence.

Selection of the upper term is justified only when aggravating circumstances outweigh mitigating circumstances, but a trial court has broad discretion to weigh the factors. (*People v. Lamb* (1988) 206 Cal.App.3d 397, 401.) We must affirm unless there is "a clear showing the sentence choice was arbitrary or irrational." (*Ibid*.)

At sentencing, the victim said his contact with defendant was "not a big deal at all" and defendant "should [not] go to jail," or at least not for more than three years. The victim said "everybody needs some type of affection," defendant "needed some affection

8

and I helped him." Defense counsel requested leniency because defendant had no criminal record. When given the opportunity to comment, defendant said: "This is all fabrication, and it's not justice."

The trial court acknowledged the victim's statement, but noted that children "are not always in the best position to evaluate these situations." The trial court imposed the upper term on the count one conviction because the crime was carried out in a manner that "indicated planning, sophistication and professionalism."

The statutory prohibition on sexual contact with children was enacted to protect children from sexual exploitation, in recognition of their relative naiveté and the profound harm they can suffer when they are " 'perceived and used as objects of sexual desire.' " (*People v. Soto* (2011) 51 Cal.4th 229, 243.) In fact, the Legislature rejected a proposal that Penal Code section 288, subdivision (c) forbid only nonconsensual touching of 14 and 15 year olds in favor of a focus on an age gap of 10 years or more because it recognized that a young person could fall victim to a "more experienced adult." (*People v. Paz* (2000) 80 Cal.App.4th 293, 297.)

Defendant suggests the trial court wholly discounted the victim's statement in an arbitrary fashion when it should have counted it as an additional mitigating factor. This, he contends, was "beyond the bounds of reason and an abuse of discretion." We disagree. The trial court acknowledged and commented on the boy's statement, thanked

him for it and carefully explained why other considerations were controlling.  There was no abuse of discretion.

## DISPOSITION

The judgment is affirmed.


                                                    MAURO          , Acting P.J.


We concur:


                   DUARTE            , J.


                   HOCH              , J.