Filed 9/20/23  P. v. Suarez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080812 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS162726) |
| AZIEL SUAREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael S. Groch, Judge.  Affirmed.

Law Offices of William P. Daley and William P. Daley, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

In 2001, Aziel Suarez pleaded guilty to one count of committing lewd or lascivious acts upon a 14- or 15-year-old child when he was at least 10 years

older than the child.  (Pen. Code, § 288, subd. (c)(1) (later references are to this code).)  Former section 290 required Suarez to register as a sex offender for life.  In 2021, the Legislature amended section 290 and created a three-tiered registry system.  The amended statute designated section 288(c)(1) as a tier three offense, requiring lifetime registration.

Section 288, subdivision (a), which involves the same act and intent as section 288(c)(1) but does not have the same age requirements for the victim or the perpetrator, became a tier two offense under amended section 290.  Tier two offenders may petition for termination of registration after 20 years.

Suarez filed a Petition to Terminate Sex Offender Registration under section 290.5 on equal protection grounds (Petition).  Suarez argued that the classification of section 288(c)(1) as a tier three offense with lifetime registration, while section 288(a)(1) is a tier two offense with the potential for registration termination, results in disparate treatment of similarly situated offenders without a rational basis.  The trial court denied the petition, and Suarez appealed.

We affirm, finding that:  (1) section 288(c)(1) offenders are not similarly situated to section 288(a) offenders because the latter can be younger and closer in age to the victim; and (2) even if the groups of offenders are similarly situated, the required age minimum and age differential in section 288(c)(1), not present in section 288(a), provides a conceivable, rational basis for the Legislature to treat the two groups differently for the regulatory purpose of the tiered sex offender registration scheme.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2001, Suarez, then 37 years old, touched his 14-year-old daughter's breasts and vagina and put his mouth on her breast.

Suarez was charged with one count of committing lewd acts upon a 14- or 15-year-old child when he was at least 10 years older than the child, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of himself or the child, in violation of section 288(c)(1). Suarez pleaded guilty to that charge. The court sentenced him to custody of the Sheriff for 120 days, stayed until completion of a public work service term, and three years of probation. As part of his sentence, Suarez was required to register for life as a sex offender by former section 290.

In 2005, after Suarez completed his term of probation, the court reduced the charge to a misdemeanor under section 17, subdivision (b) and dismissed the case under section 1203.4.

In February 2022, Suarez filed the Petition. He argued that the discrepancy between registrants under section 288(c)(1) and section 288(a) violates the equal protection clause of the California Constitution. The People opposed the Petition on the basis that Suarez is a tier three lifetime registrant. The court denied the Petition.

## III. DISCUSSION

On appeal, Suarez contends the statutory scheme classifying section 288(c)(1) offenses in tier three and section 288(a) offenses in tier two violates the equal protection clause of the California Constitution. We review Suarez's equal protection claim de novo. (*People v. McKee* (2012) 207 Cal.App.4th 1325, 1338.)

The Third District Court of Appeal recently addressed the identical issue now before us and held that the discrepancy between registrants under sections 288(c)(1) and 288(a) does not violate an appellant's state or federal constitutional rights. (*Legg v. Department of Justice* (2022) 81 Cal.App.5th

3

504, 509 (*Legg*).)  Having squarely addressed the same issue, we turn to *Legg* as it informs our decision rejecting Suarez's equal protection claim.

*A. Existing Registration Law*

On January 1, 2021, Senate Bill No. 384 (2017–2018 Reg. Sess.) became effective, amending section 290 to include three tiers of sex offender registrants.  (§ 290, subd. (d).)  Tier one offenders must register for a minimum of 10 years; tier two offenders must register for a minimum of 20 years; and tier three offenders face lifetime registration.  (*Id.*, subd. (d)(1)–(3).)  After the minimum registration period, tier one and two defendants may file a petition for termination of registration.  (§ 290.5, subd. (a)(1).)

Section 290, subdivision (d)(3)(C)(ix), places defendants convicted of section 288(c) in tier three.  Defendants convicted of section 288(a), on the other hand, fall into tier two.  (§ 290, subds. (c), (d)(2)(A).)

Section 288(a) makes "a person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child . . . guilty of a felony . . . punish[able] by imprisonment in the state prison for three, six, or eight years."

Section 288(c)(1) provides:  "A person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense and shall be punished by imprisonment in the state prison for one, two, or three years, or by imprisonment in a county jail for not more than one year."

4

*B. Equal Protection Analysis*

The United States and California Constitutions guarantee equal protection under the law. (U.S. Const., 14th Amend.; Cal. Const., art. 1, § 7, subd. (a).) Courts apply these guarantees identically except in the case of gender. (*Legg, supra*, 81 Cal.App.5th at p. 510, citing *Connerly v. State Personnel Bd.* (2001) 92 Cal.App.4th 16, 31–32.) Equal protection requires the state to treat similarly situated people alike or to avoid " 'arbitrary and irrational' " classifications. (*Legg*, at p. 510.) When the law challenged does not involve a suspect classification or a fundamental right, courts apply a two-step rational basis analysis. (*People v. Chatman* (2018) 4 Cal.5th 277, 289 (*Chatman*).) Sex offender registration does not implicate a suspect classification; therefore, the rational basis analysis applies. (*Legg*, at p. 511, citing *People v. McKee* (2010) 47 Cal.4th 1172, 1211, fn. 14.)

Under the rational basis analysis, courts first determine "whether the state adopted a classification affecting two or more groups that are similarly situated in an unequal manner." (*Chatman, supra*, 4 Cal.5th at p. 289.) If the court determines that the groups are "similarly situated in all material respects," a disparity in treatment is constitutionally permissible if it "bears a rational relationship to a legitimate state purpose." (*Ibid*.) *Legg* found both that: (1) section 288(c)(1) defendants are not similarly situated to section 288(a) defendants, and (2) even if these groups are similarly situated, the state has a rational basis for treating them differently. (*Legg, supra*, 81 Cal.App.5th at pp. 513–515.) We analyze each in turn.

1. Similarly Situated

Suarez argues that registrants under section 288(a) are similarly situated to registrants under section 288(c)(1) because both sections apply to identical acts and intent. He acknowledges, however, that the statutes differ

5

in that section 288(c) involves a perpetrator at least 10 years older than a 14- or 15- year-old victim, while section 288(a) involves children 13 years of age and younger with no minimum age difference between the victim and perpetrator. Suarez nonetheless argues that the two classifications are similarly situated. Respondent disagrees, noting registrants under the two statutes are not similarly situated as a result of age differences and age minimums. Following *Legg*, we agree with Respondent that the two groups are not similarly situated in all material respects due to the age requirements of section 288(c)(1).

In inquiring whether the classified groups are similarly situated, courts look to whether the groups are similarly situated for the purposes of the challenged law. (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.)

Sex offender registration exists for a regulatory, not a punitive, purpose: to " 'promote the " 'state interest in controlling crime and preventing recidivism in sex offenders.' " ' " (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881 (*Johnson*); *People v. Castellanos* (1999) 21 Cal.4th 785, 798–799.) The purpose of creating tiers of registration was to differentiate between offenders of different risk levels based on the seriousness of the crime, the risk of reoffending, and other criminal history for the benefit of the public understanding and to focus limited law enforcement resources. (Assem. Floor Analysis, 3d reading of Sen. Bill No. 384 (2017–2018 Reg. Sess.) as amended Sept. 8, 2017, p. 12.)

The California Sex Offender Management Board (CASOMB), created by the Legislature in 2006 "to analyze current practices and recommend improvements" to sex offender registration law, issued a report in 2010 recommending a three-tiered registration system. (See *People v. Garcia* (2017) 2 Cal.5th 792, 797.) In the report, CASOMB recommended providing

6

courts the discretion to impose limited duration registration "for consensual sex offenses where there is less than a 10-year age difference between offender and victim," when the court finds that the offender does not "pose a risk of reoffending or is sexually dangerous." (CASOMB, Recommendations Rep. (Jan. 2010) p. 73 (CASOMB Report).) In discussing the risk of reoffending, CASOMB provided the example of "a boy age 18 who has consensual sex with a girl age 13 and who is convicted of lewd and lascivious acts with a child under 14 (Pen. Code, section 288)" who could never "be released from the duty to register as a sex offender (absent a governor's pardon)." (*Id.* at p. 53.) CASOMB thus recognized that offenders with a 10-year age difference from their victims are not similarly situated to those with a larger difference for the purposes of tiered registration law. The Legislature took the CASOMB Report's recommendations into account in proposing the tiered registration system. (Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 384 (2017–2018 Reg. Sess.) as amended Sept. 8, 2017, pp. 5–6.)

*Legg* likewise determined that section 288(c)(1)'s required 10-year age difference and minimum offender age of 24 renders it meaningfully distinct from section 288(a). (*Legg, supra*, 81 Cal.App.5th at p. 512.) The differential exists to protect " ' " 'sexually naive' " ' " 14- and 15-year-olds from offenders who are " ' "predatory older adults." ' " (*Id.* at p. 513, citing *People v. Cavallaro* (2009) 178 Cal.App.4th 103, 113–114 (*Cavallaro*) [rejecting the argument that section 288(c)(1) offenders (required to register), are similarly situated to section 261.5, subdivision (d) offenders (not required to register) in part because the latter involves unlawful sexual intercourse between a person 21 years old or older and a minor under the age of 16 with no required age differential].) We agree and adopt the reasoning presented in *Legg*.

Suarez contends that *Legg* erred by comparing all section 288(a) offenders to all section 288(c)(1) offenders due to recent juvenile reforms eliminating the Department of Juvenile Justice (DJJ). He argues that because juveniles will not have to register after the elimination of the DJJ, the proper comparison is between section 288(a) adult offenders and section 288(c)(1) offenders. We disagree that the elimination of the DJJ changes the analysis. Under existing law, all juveniles required to register are subject to either a five- or ten-year minimum registration period, after which they can petition for termination—they are already treated differently than adults. (§ 290.008, subd. (d)(1)–(2).) Even excluding juveniles, section 288(a) adult offenders remain differently situated to section 288(c)(1) offenders for section 290's regulatory purposes because the former section 290 includes older teens and younger adults with a lesser age difference to the victim. As previously discussed, CASOMB recommended providing an opportunity for consensual sex offenders less than 10 years older than the victim to terminate registration, providing the example of the 18-year-old section 288(a) offender with a 13-year-old victim. *Legg* likewise cited an example in which a 19-year-old was convicted of violating section 288(a) for consensual sexual relations with a 13-year-old. (*Legg*, *supra*, 81 Cal.App.5th at p. 515, citing *People v. Tuck* (2012) 204 Cal.App.4th 724, 727–728.)

Furthermore, as the Legislature noted in other contexts during the same session as it was considering Senate Bill No. 384, brain development continues into the mid-20s, which affects culpability and the prospect for rehabilitation. (See *In re Williams* (2020) 57 Cal.App.5th 427, 431, 434–435 [citing (Assem. Com. on Appropriations, Analysis of Sen. Bill No. 261 (2015–2016 Reg. Sess.) as amended June 1, 2015, p. 2; Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1308 (2017–2018 Reg. Sess.) as amended

Mar. 30, 2017].) The continued development of the brain supports the finding that section 288(c)(1) offenders, who are necessarily at least 24 years old, are not similarly situated to section 288(a) offenders, who can be in their teens or early twenties, for the regulatory purposes of section 290. Younger offenders may be less likely to reoffend and may not require oversight once their brains are fully developed.

Suarez argues that section 288(c)(1) offenders are similarly situated to section 288(a) offenders because they involve the same act and intent, citing *People v. Paz* (2000) 80 Cal.App.4th 293. *Paz* concluded that the classifications at issue are similarly situated because the addition of section 288(c)(1) reflected a "legislative desire to protect 14- and 15-year–olds from predatory older adults to the same extent children under 14 are protected by subdivision (a) of section 288." (*Paz*, at p. 297 [discussing Assembly Bill No. 3835].) *Paz* equated sections 288(a) and section 288(c)(1) because the appellant there claimed that a defense to intent applied in section 288(c)(1) even though that defense was unavailable under section 288(a). (*Paz*, at p. 298.) The court found that the defense was not available under section 288(c)(1) because it involved the same intent as section 288(a). (*Ibid*.) Here, as explained by Suarez, intent is not at issue, and *Paz* is inapposite.

As explained in *Legg*, the Legislature's desire to protect older victims to "the same extent" as younger victims does not mean that older perpetrators—both in terms of actual years and their number of years older than the victim—are similarly situated to a group that includes younger perpetrators closer in age to the victim. (*Legg*, *supra*, 81 Cal.App.5th at p. 513 ["the Legislature's intent to protect both 14-and 15-year-old children from lewd contact by predatory older adults in addition to children younger than 13

9

from any lewd contact does not also mean that those predatory older adults are similarly situated to individuals who commit lewd acts against children younger than 13"].)  Fourteen and 15-year-old victims are protected to the same extent as younger victims only when there is necessarily a different perpetrator—a "predatory older adult[ ]." (*Ibid.*)

In sum, we find that section 288(c)(1) offenders are not similarly situated to section 288(a) offenders for the regulatory purpose of section 290(d).

In passing, Suarez suggests that section 288(c)(1) offenders are similarly situated to offenders of sections 243.4, 286, subdivision(b)(1), 286, subdivision (b)(2), and 287, subdivision (b)(1).  Suarez cites Assembly Bill No. 3835, which states that one purpose of section 288(c)(1) was to apply the same punitive scheme as for these other sex crimes committed by adults against victims under the age of 18.  However, Suarez does not further develop, explain, or substantiate with authority this point for any of these sections.  Respondent's brief did not address this argument.

Even considering these statutes, we would conclude that those offenders are not similarly situated to section 288(c)(1) offenders because, at a minimum, none of these statutes mandate a 10-year age difference that results in predatory activity by an older adult.  Further, as to section 243.4, the statute applies to both minor and adult victims, and there is no required age difference or minimum offender age.  When an offender is convicted of a felony under section 243.4, subdivisions (a), (c), or (d), section 290(d)(3)(J) classifies the offender into tier three.  Section 286(b), unlike section 288(c)(1), does not require specific intent, which courts have held to be a meaningful distinction for determination of similarly situated classifications.  (*Cavallaro, supra*, 178 Cal.App.4th at pp. 113–114.)  Although section 286(b)(2) requires

10

a perpetrator at least 22 years of age and a victim 15 years of age or younger, *Cavallaro* rejected a similar equal protection argument where the statute required a 21-year-old perpetrator and victim under 16 and lacked a specific intent requirement.  (*Cavallaro,* at pp. 113–114.)  We thus conclude section 288(c)(1) offenders are not similarly situated to these offenders.

2. Rational Basis

Suarez contends that no such rational relationship can exist for requiring lifetime registration for section 288(c)(1) offenders while permitting section 288(a) offenders to petition for termination after 20 years because section 288(a) is a more severe offense with harsher penalties.  Suarez further argues the rational basis found in *Legg* fails because it only applied to minors who will not have to register.  Finally, Suarez submits that the disparity in treatment leads to irrational results.  For the reasons below, even were we to agree with Suarez that the similarly situated prerequisite is satisfied, he has failed to show that there is no rational relationship between the challenged statutory disparity and some legitimate governmental purpose.  (*Legg, supra*, 81 Cal.App.5th at p. 514.)

The Supreme Court has established a "high bar" for determining that no rational relationship exists in order to prevent a court from invalidating "democratically enacted laws" because it finds "a statute's tradeoffs seem unwise or unfair" or illogical.  (*Chatman, supra*, 4 Cal.5th at p. 289.)  "At bottom, the Legislature is afforded considerable latitude in defining and setting the consequences of criminal offenses."  (*Johnson, supra*, 60 Cal.4th at p. 887.)  The challenger bears the burden to " ' "negative every conceivable basis" ' that might support the disputed statutory disparity."  (*Id*. at pp. 881–882.)  The Legislature need not have expressed its bases for the disparity in

11

treatment; the reviewing court may engage in rational speculation as to conceivable bases. (*People v. Turnage* (2012) 55 Cal.4th 62, 74–75.)

We agree with *Legg* that a reasonable, conceivable basis exists for the classification of section 288(c)(1) in tier three: "The Legislature could have reasonably determined that the challenged statutory disparity is warranted to serve the legitimate governmental purpose of protecting the public from considerably older adults who have preyed on young and vulnerable children." (*Legg*, *supra*, 81 Cal.App.5th at p. 515.) Given the high bar, Suarez has failed to negate this basis.

This basis is reasonable despite that section 288(a) necessarily involves a younger victim, a felony charge, and a harsher penalty than section 288(c)(1). The Legislature could reasonably have determined that section 288(a) "younger offenders with more potential to rehabilitate" should have the opportunity to petition to terminate their registration as compared to "their subdivision (c)(1) counterparts, who are necessarily older and more predatory, even if their conduct occurs with an older victim." (*Legg*, *supra*, 81 Cal.App.5th at p. 515.) This rational basis is also evident in the CASOMB Report's reference to offenders with an under 10-year age difference to the victim, such as in its example of a relationship between an 18-year-old and a 13-year-old. (CASOMB Report, *supra*, at pp. 52–53, 73.)

In an attempt to demonstrate irrationality, Suarez provides the hypothetical example of a 24-year-old section 288(a) offender and a 5-year-old victim, who can petition to terminate registration, as compared to a 24-year-old section 288(c)(1) offender and a 14-year-old victim, who cannot petition. But the Supreme Court has explained that the "plausible reason for distinguishing between [classifications] need not exist in every scenario in which the statutes might apply." (*Johnson*, *supra*, 60 Cal.4th at p. 887; see

12

also *Legg*, *supra*, 81 Cal.App.5th at p. 515, fn. 3 ["whether *some* offenders under subdivision (a) could possibly be the same age as offenders under subdivision (c)(1) does not affect our analysis."])

Here, the Legislature made a tradeoff between:  (1) permitting 23-year-old and younger section 288(a) offenders to petition to terminate registration, (2) even though doing so would enable 24-year-old and older section 288(a) offenders to do so, (3) despite section 288(c) offenders, who by definition are at least 24 years old, lacking the ability to petition.  It is not our place to determine whether this tradeoff is unwise, unfair, or illogical.  It is enough that the Legislature could reasonably have determined that an 18-year-old offender convicted of section 288(a) based on acts committed with a 13-year-old should have the opportunity to petition, while a 24-year-old offender who committed the same acts with a 14-year-old should not, reasoning that a younger offender has more potential for rehabilitation.  The Legislature necessarily engages in such line drawing; and for equal protection purposes, line drawing need not create "the ideal rehabilitative system" but merely "embod[y] a sufficiently rational determination regarding distribution of resources."  (*Chatman*, *supra*, 4 Cal.5th at p. 283.)  Even if similarly situated, the different classifications of section 288(c)(1) offenders and section 288(a) offenders in the tiered registry system is sufficiently rational.

## IV. DISPOSITION

We affirm the trial court's order denying Suarez's Petition.

CASTILLO, J.

WE CONCUR:


IRION, Acting P. J.


BUCHANAN, J.

14