**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELISA DE JESUS MENENDEZ,<br>*Petitioner*,<br><br>v.<br><br>MATTHEW WHITAKER, Acting<br>Attorney General,<br>*Respondent.* | No. 14-72730<br><br>Agency No.<br>A075-594-042 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 8, 2018
Pasadena, California

HECTOR MARTIN RODRIGUEZ-
CASTELLON,

                    *Petitioner*,

          v.

MATTHEW WHITAKER, Acting
Attorney General,

                    *Respondent.*

No. 16-70365

Agency No.
A035-215-035

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2018[*]
Pasadena, California

Filed November 8, 2018

Before:  William A. Fletcher, Consuelo M. Callahan,
and John B. Owens, Circuit Judges.

Opinion by Judge W. Fletcher;
Concurrence by Judge Callahan

---

[*] The panel unanimously concludes that *Rodriguez-Castellon v. Whitaker* is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel granted separate petitions for review filed by Elisa de Jesus Menendez and Hector Rodriguez-Castellon from decisions of the Board of Immigration Appeals, and held that California Penal Code § 288(c)(1), which prohibits lewd or lascivious acts when a victim is a child of 14 or 15 years and the defendant is at least 10 years older than the child, is neither a crime involving moral turpitude nor categorically a "crime of child abuse."

Menendez, a lawful permanent resident, was placed in removal proceedings after her conviction under § 288(c)(1). Menendez conceded removability under 8 U.S.C. § 1227(a)(2)(E)(i), as a noncitizen convicted of a crime of child abuse, and applied for cancellation of removal. However, the Immigration Judge and BIA found Menendez ineligible for cancellation of removal on the ground that her conviction under § 288(c)(1) was categorically a crime of moral turpitude that triggered the stop-time rule, cutting off her accrual of the period of continuous residence she required for cancellation.

Rodriguez-Castellon, also a lawful permanent resident, was initially found removable on the ground that his conviction under § 288(c)(1) was a crime of violence under 18 U.S.C. § 16(b) and therefore an aggravated felony. After this court held in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

2015), that 18 U.S.C. § 16(b) is unconstitutionally vague, Rodriguez-Castellon filed a motion to reconsider with the BIA. The BIA acknowledged that the motion was untimely, but noted that a fundamental change in law may warrant sua sponte reopening. However, the BIA declined to exercise its sua sponte authority after holding that Rodriguez was removable under U.S.C. § 1227(a)(2)(E)(i), as a noncitizen convicted of a crime of child abuse, even if he was no longer removable as an aggravated felon.

In deciding Menendez's petition, the panel held that Cal. Penal Code § 288(c)(1) is not categorically a crime involving moral turpitude, explaining that, because the offense requires only sexual intent, and because a good-faith reasonable mistake of age is not a defense, a defendant is not required to have evil or malicious intent. Thus, the panel concluded that the statute lacks the corrupt scienter requirement that is the touchstone of moral turpitude. The panel also concluded that § 288(c)(1) does not require intent to injure or actual injury, noting that any touching can violate the statute. Acknowledging that § 288(c)(1) does involve a protected class of persons, the panel observed that not all criminal statutes intended to protect minors establish crimes involving moral turpitude and that the elements of § 288(c)(1) create a realistic probability of a conviction based on conduct that does not involve moral turpitude.

The panel further held that § 288(c)(1) contains a single, indivisible set of elements such that the modified categorical approach does not apply. Accordingly, the panel concluded that the BIA erred in concluding that Menendez's conviction triggered the stop-time rule and rendered her ineligible for cancellation. The panel also noted that, on remand, the BIA should consider whether binding Menendez to her concession

of removability under 8 U.S.C. § 1227(a)(2)(E)(1), as a noncitizen convicted of a crime of child abuse, would produce an unjust result in light of the panel's holding in the next section of the opinion that a conviction under § 288(c)(1) is not a crime of child abuse.

In deciding Rodriguez-Castellon's petition, the panel held that § 288(c)(1) is not categorically a crime of child abuse under 8 U.S.C. § 1227(a)(2)(E)(1), concluding that § 288(c)(1) is broader than the generic definition of a crime of child abuse in two ways. First, the generic definition requires that a defendant act with a mens rea of at least criminal negligence, but § 288(c)(1) has no such requirement; § 288(c)(1) requires a defendant to have acted willfully, but this requirement applies only to the commission of the act and does not require any intent to violate law, injure another, or acquire any advantage. In this respect, the panel also noted the fact that a reasonable and good-faith mistake of age is not a defense to § 288(c)(1). Second, unlike the generic definition, § 288(c)(1) does not require proof of actual injury, or a sufficiently high risk of harm as an element of the offense; instead, § 288(c)(1) applies irrespective of whether the touching is outwardly innocuous, or whether the minor is aware of the nature of the contact at all. Accordingly, the panel concluded that the BIA did not rely on an appropriate ground when it refused to reopen sua sponte on the ground that Rodriguez-Castellon's § 288(c)(1) conviction was a crime of child abuse that made him removable.

Concurring, Judge Callahan, joined by Judge Owens, expressed the concern that, here, immigration consequences and, in other settings, sentences turn on a determination in the abstract of the breadth of the underlying state statute rather than the person's actual offense. Judge Callahan wrote that

the present system forces courts to parse state statutes for determinations that no state legislator ever considered, and leads to uneven results, as the immigration consequences to individuals who committed basically the same offenses turn on the fortuity of the breadth of the state statute, which in most instances has nothing to do with the individual's actual criminal conviction. Noting that if Congress will not, or cannot act, Judge Callahan expressed the hope that the Supreme Court will devise a more straight-forward approach to this area of law.

## COUNSEL

Sarah V. Perez (argued), Law Offices of Sarah V. Day, Los Angeles, California, for Petitioner.

Colin J. Tucker (argued) and Jane T. Schaffner, Trial Attorneys; Papu Sandhu, Senior Litigation Counsel; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

W. FLETCHER, Circuit Judge:

We deal with two separate petitions for review. Petitioners Elisa de Jesus Menendez and Hector Rodriguez-Castellon are both subject to removal for their respective convictions under Cal. Penal Code § 288(c)(1). In Menendez's case, No. 14-72730, the BIA determined that § 288(c)(1) is categorically a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Because the

commission of such a crime stops the accrual of continuous residence, the BIA held that Menendez failed to accrue the seven years of residence required for cancellation of removal. In Rodriguez's case, No. 16-70365, the BIA determined that Cal. Penal Code § 288(c)(1) is categorically a crime of child abuse under 8 U.S.C. § 1227(a)(2)(E)(i). On that basis, the BIA denied sua sponte reopening of the case.

We hold that § 288(c)(1) is neither categorically a crime involving moral turpitude nor categorically a "crime of child abuse." We grant Menendez's and Rodriguez's petitions for review. We remand both cases to the BIA for further proceedings consistent with this opinion.

## I. Background

### A. Menendez

Elisa de Jesus Menendez is a native and citizen of El Salvador. She entered the United States without inspection at an unspecified time and place. After entering, she remained in the United States, married, and had three children. On August 17, 2004, Menendez successfully adjusted her status to lawful permanent resident pursuant to the Nicaraguan Adjustment and Central American Relief Act of 1997.

On February 23, 2010, Menendez was convicted of committing a "lewd or lascivious act" in violation of § 288(c)(1) of the California Penal Code. Section 288(c)(1) prohibits the commission of such an act when "the victim is a child of 14 or 15 years, and [the defendant] is at least 10 years older than the child." A conviction under § 288(c)(1) is punishable by imprisonment in state prison for

one to three years, or "imprisonment in a county jail for not more than one year." Cal. Penal Code § 288(c)(1). Menendez entered a nolo contendere plea and was sentenced to 180 days in county jail and five years of probation.

In October 2013, the Department of Homeland Security initiated removal proceedings by filing a Notice to Appear ("NTA"). The NTA charged Menendez with removability under 8 U.S.C. § 1227(a)(2)(E)(i), which makes removable any noncitizen convicted of, among other crimes, a "crime of child abuse." Menendez admitted the charge through counsel, but argued that she was eligible for cancellation of removal under 8 U.S.C. § 1229b(a).

The Immigration Judge ("IJ") found Menendez ineligible for cancellation of removal. For lawful permanent residents, eligibility for cancellation of removal requires a person to have established seven years of continuous residence in the United States "after [admission] in any status." 8 U.S.C. § 1229b(a)(2). Under the stop-time rule, the commission of a disqualifying offense, including any crime involving moral turpitude, cuts off the accrual of continuous residence. *Id.* § 1229b(d)(1) (incorporating 8 U.S.C. § 1182(a)(2)). The IJ held that Menendez's conviction under Cal. Penal Code § 288(c)(1) was categorically for a crime involving moral turpitude, and that the stop-time rule therefore applied. Menendez was admitted into the United States on August 17, 2004. The felony complaint charged her with violating § 288(c)(1) "on or about" October 14, 2009, resulting in not quite five years and two months of continuous residence.

The IJ denied cancellation of removal and voluntary departure, and ordered Menendez removed to El Salvador.

The BIA affirmed the Immigration Judge on all grounds and dismissed Menendez's appeal.

## B. Rodriguez-Castellon

Hector Rodriguez-Castellon is a native and citizen of Mexico. He was admitted to the United States as a lawful permanent resident on June 16, 1975.

On June 2, 2009, the Department of Homeland Security initiated removal proceedings by serving Rodriguez with an NTA. The NTA charged that on June 7, 2005, Rodriguez entered a nolo contendere plea for a violation of Cal. Penal. Code. § 288(c)(1). An amended NTA brought three charges of removal against Rodriguez: (1) removal due to his alleged status as an aggravated felon, under a statutory subsection defining "aggravated felony" as including "sexual abuse of a minor," 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii); (2) removal under a different aggravated felony subsection that applies to noncitizens convicted of a "crime of violence," *id.* § 1101(a)(43)(F); and (3) removal under § 1227(a)(2)(E)(i), which applies to noncitizens convicted of a "crime of child abuse." The IJ sustained all three charges and ordered Rodriguez removed to Mexico.

On appeal, the BIA rejected the IJ's determination that Cal. Penal Code § 288(c)(1) constitutes sexual abuse of a minor, citing this court's decision in *United States v. Castro*, 607 F.3d 566 (9th Cir. 2010). The BIA, however, upheld the IJ's ruling on an alternative ground, holding that § 288(c)(1) categorically constitutes a crime of violence. It noted that the statutory definition for "crime of violence," 8 U.S.C. § 1101(a)(43)(F), cross-references 18 U.S.C. § 16(b), which in turn, defines the term as including felony offenses that "by

[their] nature, involve[ ] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The BIA reasoned that the age differential required by § 288(c)(1) creates a risk that physical force would be used and that Rodriguez was therefore removable as an aggravated felon. The BIA did not reach the question whether Rodriguez was also removable under 8 U.S.C. § 1227(a)(2)(E)(i) (noncitizen convicted of child abuse).

In October 2013, we denied Rodriguez's petition for review in a published opinion, holding that a conviction under § 288(c)(1) is categorically a crime of violence because it "raises a substantial risk of the use of force in the ordinary case." *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 860 (9th Cir. 2013). Two years later, in *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015), we held that 18 U.S.C. § 16(b) is unconstitutionally vague. The Supreme Court affirmed that decision in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1216 (2018). In November 2015, in light of our decision in *Dimaya*, Rodriguez filed a motion to reconsider his removal proceedings. He argued that the BIA's order of removal was premised on its conclusion that § 288(c)(1) was categorically a crime of violence under § 16(b), and that because *Dimaya* had held § 16(b) void for vagueness the conclusion could not stand.

The BIA denied Rodriguez's motion. It acknowledged that Rodriguez's motion was untimely, but noted that "a fundamental change in law may warrant sua sponte reopening notwithstanding otherwise applicable time and number limitations on motions." The BIA declined to exercise its sua sponte authority to reopen after holding that Rodriguez was removable under § 1227(a)(2)(E)(i) as a noncitizen convicted

of a crime of child abuse, even if he was no longer removable as an aggravated felon.

## II.  Jurisdiction and Standard of Review

We generally lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings. *Ekimian v. INS*, 303 F.3d 1153, 1159–60 (9th Cir. 2002).  However, we have jurisdiction to review the reasoning behind the BIA's sua sponte denial of reopening "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).  If the BIA "relied on an incorrect legal premise," we "remand to the BIA so it may exercise its authority against the correct legal background." *Id.* (internal quotation marks omitted).

We review de novo whether a state conviction is a removable offense, "except to the extent that deference is owed to the BIA's interpretation of the statutes and regulations it is charged with administering." *Fregozo v. Holder*, 576 F.3d 1030, 1034 (9th Cir. 2009). "As the BIA has no statutory expertise in . . . state law matters, we review de novo its determination of the elements of the offense for which the petitioner was convicted." *Id.* at 1034.

## III.  Discussion

To determine whether a state statute describes a removable offense, we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *Marmolejo-Campos v. Holder*, 558 F.3d 903, 912 (9th Cir. 2009) (en banc).  The first step is to identify the elements of the state statute of conviction—here, Cal. Penal Code

§ 288(c)(1). *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1208 (9th Cir. 2013). The second step is to compare those elements to the elements of the generic federal crime. *Id.* We address these steps in turn.

## A. Section 288(c)(1)

Menendez and Rodriguez-Castellon were both convicted of lewd or lascivious conduct in violation of Cal. Penal Code § 288(c)(1). Section 288(a), referenced in (c)(1), provides:

> [A]ny person who willfully and lewdly commits any lewd or lascivious act, . . . upon or with the body, or any part or member thereof, of a child . . . with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony.

Section 288(c)(1) provides:

> Any person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense and shall be punished by imprisonment in the state prison for one, two, or three years, or by imprisonment in a county jail for not more than one year.

Reading these two provisions together, a crime under § 288(c)(1) contains five elements: "(1) willfully and lewdly; (2) committing any lewd or lascivious act; (3) on a child ages

14 or 15; (4) with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the defendant or the child; and (5) the defendant must be at least ten years older than the child." *United States v. Castro*, 607 F.3d at 568.

California courts have expansively construed the actus reus requirement of § 288(c)(1). The "lewd or lascivious" element of the crime focuses on the defendant's sexual intent, rather than the act performed. If the defendant has the required intent, then "[*a*]*ny* touching . . . violates [§ 288], even if the touching is outwardly innocuous and inoffensive." *People v. Lopez*, 965 P.2d 713, 717 (Cal. 1998) (emphasis in original). "Physical affection among relatives, generally considered acceptable conduct, nonetheless could satisfy the 'any touching' aspect of section 288[.]" *Id.* at 718; *see also People v. Mullens*, 14 Cal. Rptr. 3d 534, 543–44 (Ct. App. 2004) (finding sufficient evidence for § 288 offense premised on touching of minor's thigh and "close hugging"); *People v. Olsen*, 685 P.2d 52, 56 (Cal. 1984) (en banc) (noting that consensual touching may violate § 288).

Even "constructive" touching can violate § 288(c)(1). *People v. Villagran*, 210 Cal. Rptr. 3d 426, 436 (Ct. App. 2016); *People v. Lopez*, 111 Cal. Rptr. 3d 232, 238 (Ct. App. 2010) ("[A] defendant need not touch the victim in order to violate section 288."). If the minor touches himself, that act is "imputable to [the defendant] as if the touching had been actually done by his own hands." *Villagran*, 210 Cal. Rptr. 3d at 437 (quoting *People v. Meacham*, 199 Cal. Rptr. 586, 594 (Ct. App. 1984), *abrogated on other grounds by People v. Brown*, 883 P.2d 949, 959 (Cal. 1994)). A person may violate § 288(c)(1) by making sexual requests over the telephone, or through text messages. *See id.*

The mens rea requirement of § 288(c)(1) has also been expansively construed. Section 288(c)(1) requires that the defendant act "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires" of himself or of the minor. Cal. Penal Code § 288(a). But the statute does not require that the defendant know that the minor is underage. Under California law, a good faith and reasonable mistake of age is a defense to statutory rape, *People v. Hernandez*, 393 P.2d 673, 676–78 (Cal. 1964), but it is not a defense to a charge under § 288(c)(1). *Olsen*, 685 P.2d at 58–59 (declining to extend *Hernandez* to § 288(a)); *People v. Paz*, 95 Cal. Rptr. 2d 166, 169 (Ct. App. 2000) (declining to extend *Hernandez* to § 288(c)(1)).

In applying the categorical approach, we "must presume that the conviction 'rested upon nothing more than the least of the acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010) (alterations omitted)). A statute is overbroad if "there is a 'realistic probability' of its application to conduct that falls beyond the scope of the generic federal offense." *Castrijon-Garcia*, 704 F.3d at 1212 (quoting *Nunez v. Holder*, 594 F.3d 1124, 1129 (9th Cir. 2010)).

## B.  Generic Federal Crimes

### 1.  Moral Turpitude

In Menendez's case, we begin with the generic federal definition of a "crime involving moral turpitude." As we have recognized, "[t]he meaning of the term falls well short of clarity." *Marmolejo-Campos*, 558 F.3d at 909. We have

traditionally identified two different types of crimes involving moral turpitude: "those involving fraud and those involving grave acts of baseness or depravity." *Carty v. Ashcroft*, 395 F.3d 1081, 1083 (9th Cir. 2005). Although we have not articulated "a consistent or easily applied set of criteria" to determine when a state offense involves moral turpitude, past precedents provide a few guideposts. *Nicanor-Romero v. Mukasey*, 523 F.3d 992, 998 (9th Cir. 2008), *partially overruled on other grounds by Marmolejo-Campos*, 558 F.3d at 911. We have observed that "the essence of moral turpitude is an evil or malicious intent." *Gonzalez-Cervantes v. Holder*, 709 F.3d 1265, 1267 (9th Cir. 2013) (internal quotation marks omitted). In addition, crimes of moral turpitude "almost always involve an intent to injure someone, an actual injury, or a protected class of victims." *Turijan v. Holder*, 744 F.3d 617, 621 (9th Cir. 2014).

Because § 288(c)(1) requires only sexual intent, and because a good-faith reasonable mistake of age is not a defense, a defendant is not required to have "evil or malicious intent." *See, e.g.*, *People v. Serna*, No. C070258, 2013 WL 1316518, at *1, 9 (Cal. Ct. App. Apr. 2, 2013) (unpublished) (upholding conviction under § 288(c)(1) where minor represented her age as nineteen and presented defendant with a fake identification card that stated that she was nineteen years old). Section 288(c)(1) thus lacks the corrupt scienter requirement that is "the touchstone of moral turpitude." *Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1165–66 (9th Cir. 2006) (quoting *Michel v. INS*, 206 F.3d 253, 263 (2d Cir. 2000)); *Quintero-Salazar v. Keisler*, 506 F.3d 688, 694 (9th Cir. 2007) (holding that statute criminalizing unlawful sexual intercourse with minor under 16 did not categorically involve moral turpitude; statute lacked scienter requirement and therefore "lack[ed] the requisite element of willfulness or evil

intent"). Nor does § 288(c)(1) require "intent to injure" or "actual injury." Any touching, even if consensual, "outwardly innocuous and inoffensive," and "innocently and warmly received," can violate § 288(c)(1). *Lopez*, 965 P.2d at 717–18.

Section 288(c)(1) does involve a protected class of persons—minors aged 14 or 15. But not all criminal statutes intended to protect minors establish crimes involving moral turpitude. In *Nicanor-Romero v. Mukasey*, we held that Cal. Penal Code § 647.6(a) is not categorically a crime involving moral turpitude. Section 647.6(a) is similar to § 288(c)(1). The conduct element of § 647.6(a) can be satisfied by "relatively minor conduct," including a "brief touching of a child's shoulder." *Nicanor-Romero*, 523 F.3d at 1000. Section 647.6(a) requires "unnatural or abnormal sexual interest or intent," but this can be established "merely by showing that the subject of an otherwise natural sexual interest was under eighteen." *Id.* at 1000–01 (quoting *In re Gladys R.*, 464 P.2d 127, 137 (Cal. 1970)). Finally, § 647.6(a) permits a limited mistake of age defense, but a defendant "with a good faith but 'unreasonable' mistaken belief that the victim is eighteen or older still satisfies the mens rea requirement of § 647.6(a)." *Id.* at 1001. We concluded in *Nicanor-Romero* that these elements created a "realistic probability" of a conviction based on conduct that did not involve moral turpitude. *Id.* at 1007. So too here.

Nor is § 288(c)(1) similar to other crimes involving moral turpitude. Previous sex-related crimes deemed categorically to involve moral turpitude include incest, *Gonzales-Alvarado v. INS*, 39 F.3d 245, 246 (9th Cir. 1994); knowing possession of child pornography, *United States v. Santacruz*, 563 F.3d 894, 897 (9th Cir. 2009) (per curiam); and communication

with a minor for immoral purposes, *Morales v. Gonzales*, 478 F.3d 972, 978 (9th Cir. 2007), *abrogated on other grounds by Anaya-Ortiz v. Holder*, 594 F.3d 673 (9th Cir. 2010). The last crime is the most similar to a crime under § 288(c)(1), but the Washington statute considered in *Morales* is narrower, reaching a significantly smaller range of conduct than § 288(c)(1). The Washington statute criminalizes only communications with minors "for the predatory purpose of promoting their exposure to and involvement in sexual misconduct." *State v. McNallie*, 846 P.2d 1358, 1364 (Wash. 1993) (en banc); *State v. Schimmelpfennig*, 594 P.2d 442, 446 (Wash. 1979) (en banc). Washington also provides a statutory defense for defendants who can prove, by a preponderance of the evidence, that he or she made a "reasonable bona fide attempt to ascertain the true age of the minor." Rev. Code Wash. § 9.68A.110(3).

We hold that § 288(c)(1) is not categorically a crime involving moral turpitude. Because the statute contains a single, indivisible set of elements, the modified categorical approach does not apply. *Descamps v. United States*, 570 U.S. 254, 258 (2013). The BIA therefore erred in concluding that Menendez's § 288(c)(1) conviction triggered the stop-time rule and rendered her ineligible for cancellation of removal.

We note that Menendez, when she was before the IJ, conceded removability under § 1227(a)(2)(E)(i) as a noncitizen convicted of a crime of child abuse. We hold in the next section of this opinion that a conviction under § 288(c)(1) is not a crime of child abuse. Menendez's concession of removability was thus in error, but the validity of her concession is not presently before us. We have held that concessions in removal proceedings are binding except

in "egregious circumstances," such as when binding the respondent would produce an "unjust result." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 831–32 (9th Cir. 2011) (internal quotation marks omitted). On remand, the BIA should consider whether binding Menendez to her concession would produce an "unjust result."

## 2. Child Abuse

In Rodriguez's case, as in Menendez's, we begin with the generic federal definition. We defer to the BIA's definition of "crime of child abuse," as set out in *Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503 (BIA 2008) and *Matter of Soram*, 25 I. & N. Dec. 378 (BIA 2010). *Martinez-Cedillo v. Sessions*, No. 14-71742, 2018 WL 3520402, at *11 (9th Cir. July 23, 2018). The BIA defines "crime of child abuse, child neglect, or child abandonment" as a "unitary concept" that encompasses "any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation." *Velazquez-Herrera*, 24 I. & N. Dec. at 512; *Soram*, 25 I. & N. Dec. at 381. The "maltreatment" element requires either proof of actual injury or proof of a "sufficiently high risk of harm to a child." *Martinez*, 2018 WL 3520402, at *7; *Soram*, 25 I. & N. Dec. at 381–86. *Soram* left for future case-by-case analysis the precise formulation of what constitutes a sufficiently high risk of harm. *Martinez*, 2018 WL 3520402, at *6; *Soram*, 25 I. & N. Dec. at 383. Read together, *Velazquez-Herrera* and *Soram* require (1) a mens rea that rises at least to the level of criminal negligence; and (2) "maltreatment" that results in either actual injury to a child, or a "sufficiently high risk of harm" to a child.

Section 288(c)(1) is broader than the generic definition of a "crime of child abuse" in two ways. First, the generic definition requires that a defendant act with a mens rea of at least criminal negligence. *Velazquez-Herrera*, 24 I. & N. Dec. at 512. Section 288(c)(1) has no such requirement. It requires a defendant to have acted "willfully," but this requirement applies only to the defendant's commission of the act. Section 288(c)(1) requires only that a defendant did not act accidentally; it does not "require any intent to violate law, or to injure another, or to acquire any advantage." Cal. Penal Code § 7(1). Further, as discussed above, a reasonable and good-faith mistake of age is not a defense to § 288(c)(1). *See Paz*, 95 Cal. Rptr. 2d at 169.

Second, § 288(c)(1) does not require proof of actual injury, or a "sufficiently high risk of harm," as an element of the offense. Section 288(c)(1) applies irrespective of whether the touching is outwardly innocuous, or whether the minor is aware of the nature of the contact at all. *Lopez*, 965 P.2d at 717–18. For essentially this reason, we held in *Castro* that a conviction under § 288(c)(1) is not categorically a conviction for "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A). *See Castro*, 607 F.3d at 569 (noting that § 288(c)(1) "criminalizes conduct that does not necessarily constitute abuse," and "does not address conduct that is per se abusive"). While § 288(c)(1) may reflect a legislative judgment that such conduct often presents a risk of harm to the minor, under the categorical approach, our inquiry is limited to "the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (internal quotation marks omitted).

We hold that Cal. Penal Code § 288(c)(1) is not categorically a "crime of child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i). The BIA therefore did not rely on an appropriate ground in refusing to reopen Rodriguez's case.

## Conclusion

We **GRANT** Menendez's and Rodriguez-Castellon's petitions for review, and **REMAND** both cases to the BIA for further proceedings consistent with this opinion.

---

CALLAHAN, Circuit Judge, joined by Owens, Circuit Judge, concurring:

Because the opinion applies the categorical and modified categorical approach as set forth in controlling case law, we concur. However, we remain troubled that, here, immigration consequences and, in other settings, sentences should turn on a determination in the abstract of the breadth of the underlying state statute rather than the person's actual offense. The present system forces courts to parse state statutes for determinations that no state legislator ever considered, and leads to uneven results, as the immigration consequences to individuals who committed basically the same offenses turn on the fortuity of the breadth of the state statute, which in most instances has nothing to do with the individual's actual criminal conviction. If Congress will not, or cannot act (*see Almanza-Arenas v. Lynch*, 815 F.3d 469, 483 (9th Cir. 2016) (en banc) (Judge Owens concurring, joined by Judges Tallman, Bybee, and Callahan)), we can only hope that the Supreme Court will devise a more straight-forward approach to this area of the law.