**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BERNARDO SALADO-ALVA, AKA Bernie Salado,<br><br>      Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>      Respondent. | Nos.  15-71847<br>        15-72758<br><br>Agency No. A024-221-509<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2019**
Pasadena, California

Before:  WARDLAW, BYBEE, and OWENS, Circuit Judges.

Bernardo Salado-Alva, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' (BIA) denial of his third motion to reopen

his removal proceedings and the BIA's denial of his motion for reconsideration of

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that decision.  Although Salado's motion to reopen was untimely and numerically

barred, *see* 8 U.S.C. § 1229a(c)(7), Salado asserted a change in country conditions,

*see id.* § 1229a(c)(7)(C)(ii), and invoked the BIA's discretionary authority to

reopen proceedings *sua sponte*, *see* 8 C.F.R. § 1003.2(a).

We have jurisdiction under 8 U.S.C. § 1252.  *See Bonilla v. Lynch*, 840 F.3d

575, 581–82, 588 (9th Cir. 2016); *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th

Cir. 2005); *see also Agonafer v. Sessions*, 859 F.3d 1198, 1202–03 (9th Cir. 2017)

(explaining that 8 U.S.C. § 1252(a)(2)(C) does not preclude jurisdiction in the

circumstances presented here).  We review the BIA's denial of a motion to reopen

premised on changed country conditions for an abuse of discretion, *Agonafer*, 859

F.3d at 1203, but review the BIA's denial of *sua sponte* reopening only "for legal

or constitutional error," *Bonilla*, 840 F.3d at 588.  We review the BIA's denial of a

motion for reconsideration for an abuse of discretion.  *Mohammed*, 400 F.3d at

791.

1.    The BIA did not abuse its discretion in denying Salado's motion to

reopen based on changed country conditions.  To prevail on this ground, the

movant must establish a "material" change in country conditions that, together with

previously submitted evidence, demonstrate "prima facie eligibility for the relief

sought."  *Agonafer*, 859 F.3d at 1204 (citation omitted); *see* 8 C.F.R.

§ 1003.2(c)(3)(ii).

First, the BIA did not abuse its discretion in concluding that Salado failed to demonstrate prima facie eligibility for withholding of removal under 8 U.S.C. § 1231(b)(3). We have already rejected Salado's proposed "particular social group" of "Americanized Mexican deportees." *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150–52 (9th Cir. 2010). And his evidence regarding persecution on account of his membership in this proposed social group consists of a "general, undifferentiated claim" of violence in Mexico, which is insufficient. *Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) (quoting *Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2007) (en banc)).

Second, the BIA did not abuse its discretion in concluding that Salado failed to demonstrate prima facie eligibility for protection under the Convention Against Torture (CAT). Salado has presented only "generalized evidence of violence and crime in Mexico," which does not "establish prima facie eligibility for [CAT] protection." *Delgado-Ortiz*, 600 F.3d at 1152; *see Ramirez-Munoz*, 816 F.3d at 1230.

Third, the BIA did not abuse its discretion in concluding that Salado's evidence of changed conditions in Mexico was not material. Salado's new

3

evidence—describing the assassinations of two public officials in a rural town in Jalisco—is not "qualitatively different" from his previously submitted evidence, and it "simply recounts generalized conditions" in the region that are not tethered to Salado's "particular circumstances." *Najmabadi v. Holder*, 597 F.3d 983, 990–91 (9th Cir. 2010).

2.      The BIA did not commit legal or constitutional error in denying Salado's request for *sua sponte* reopening to the extent he argued that his conviction under California Penal Code § 288(a) is not an "aggravated felony" conviction for "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A).  We have "repeatedly held that California Penal Code § 288(a) categorically involves 'sexual abuse of a minor' under 8 U.S.C. § 1101(a)(43)(A)." *United States v. Farmer*, 627 F.3d 416, 420 (9th Cir. 2010) (citing *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999)); *see also United States v. Castro*, 607 F.3d 566, 568 (9th Cir. 2010) (explaining that "a conviction under section 288(a) categorically constitutes 'sexual abuse of a minor'"); *United States v. Medina-Villa*, 567 F.3d 507, 512–16 (9th Cir. 2009) (same); *United States v. Medina-Maella*, 351 F.3d 944, 947 (9th Cir. 2003) (same).

Salado has not identified any "intervening higher authority" that is "clearly irreconcilable" with this controlling precedent. *Miller v. Gammie*, 335 F.3d 889,

4

893 (9th Cir. 2003) (en banc).  He relies primarily on *Descamps v. United States*, 570 U.S. 254 (2013), but that case held that "the *modified* categorical approach" applies when the statute of conviction contains a "divisible" list of "multiple, alternative elements" rather than "a single, indivisible set of elements," regardless of the particular facts underlying the conviction.  *Id.* at 263–65 (emphasis added).  The holding in *Descamps* has no bearing here, because we have concluded that § 288(a) "*categorically*" fits within the federal definition of "sexual abuse of a minor."  *Medina-Villa*, 567 F.3d at 512 (emphasis added).  Salado also argues that the term "sexual abuse of a minor" in § 1101(a)(43)(A) is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), but those cases involved residual clauses that required imagining "an idealized ordinary case of the crime" and "the level of risk that makes a crime 'violent,'" two features that "conspired" together to make the clauses "unconstitutionally vague."  *Id.* at 1215–16 (quoting *Johnson*, 135 S. Ct. at 2557–58, 2561).  The term "sexual abuse of a minor" does not have those conspiring features.

The remaining authorities cited by Salado—*e.g.*, *Menendez v. Whitaker*, 908 F.3d 467 (9th Cir. 2018); *Chavez-Solis v. Lynch*, 803 F.3d 1004 (9th Cir. 2015); *People v. Tuck*, 139 Cal. Rptr. 3d 407 (Ct. App. 2012)—addressed different federal

or state statutes, and in any event do not constitute "intervening *higher* authority," *Miller*, 335 F.3d at 893 (emphasis added).

3.     The BIA committed legal error in denying Salado's request for *sua sponte* reopening for purposes of adjusting his status and obtaining a waiver of inadmissibility under 8 U.S.C. § 1182(h).  The BIA concluded that Salado failed to establish prima facie eligibility for a hardship waiver under § 1182(h)(1)(B) in part because his sons and daughter (who are United States citizens) "are all over the age of 21 and no longer qualify as 'children'" as defined in 8 U.S.C. § 1101(b)(1).  As the government admits, the BIA's conclusion is legally erroneous because the definition of the term "child" in § 1101(b)(1) is inapplicable to waivers under § 1182(h)(1)(B), which uses the terms "spouse, parent, son, or daughter."

The government contends that the BIA's error was harmless because Salado has not shown that his removal would result in extreme hardship to his sons and daughter.  But the BIA did not reach that issue, and "we cannot deny a petition for review on a ground that the BIA itself did not base its decision." *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1110 (9th Cir. 2011).  Rather, when "the Board base[s] its decision on a legal error," as it did in this case, we "remand to the Board to exercise its discretion against the correct legal framework." *Bonilla*, 840 F.3d at 592.

\*   \*   \*

We grant Salado's petition for review of the BIA's denial of his motion to reopen (Case No. 15-71847) with respect to his claim for an adjustment of status and a waiver of inadmissibility, deny the petition with respect to all other claims, and remand.  We deny Salado's petition for review of the BIA's denial of his motion for reconsideration (Case No. 15-72758) with respect to any issues not presented by the first petition, and dismiss the remainder as moot.  The parties shall bear their own costs.

**Case No. 15-71847 is GRANTED IN PART, DENIED IN PART, AND REMANDED.**

**Case No. 15-72758 is DENIED IN PART AND DISMISSED IN PART.**

7