**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO GOMEZ-BELTRAN,<br><br>           Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>           Respondent. | No.   16-72518<br>       17-70740<br><br>Agency No. A099-485-184<br><br>MEMORANDUM[*]<br>and ORDER |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2020[**]
Phoenix, Arizona

Before: GRABER, HURWITZ, and MILLER, Circuit Judges.

Antonio Gomez-Beltran, a native and citizen of Mexico, petitions for review

of two decisions of the Board of Immigration Appeals ("BIA"): one denying a

motion to reopen, and the other denying a motion to remand and dismissing an

appeal from the order of an immigration judge ("IJ") denying cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal. We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petitions in part and otherwise deny them.[1]

1.      The proceedings before the IJ were not legally defective merely because the interpreter was not formally sworn in. The interpreter was properly sworn in during an earlier hearing. *See* 8 C.F.R. § 1240.5. Any purported deficiencies in the translation did not "prejudice[] the outcome of [the] hearing." *Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir. 1994). Gomez does not identify any mistranslation relevant to his criminal history, the issue that formed the basis for the denial of relief.

2.      The IJ did not err in failing to employ additional procedural safeguards because of Gomez's mental state. Gomez did not show indicia of mental incompetency and was afforded ample opportunity to consult with his attorney and to present evidence. *See Salgado v. Sessions*, 889 F.3d 982, 987–89 (9th Cir. 2018). Nor did the BIA engage in improper fact-finding in rejecting this argument. Because Gomez raised the competency issue for the first time before the BIA, the BIA was required to assess the existing record to determine whether further proceedings were necessary. *See Mejia v. Sessions*, 868 F.3d 1118, 1121–22 (9th Cir. 2017).

3.      We lack jurisdiction to review the discretionary denial of cancellation

---

[1]      We grant the government's motion to take judicial notice of a subsequent decision of the BIA denying Gomez's motion for reconsideration. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (taking judicial notice of agency records).

of removal. *Bazua-Cota v. Gonzales*, 466 F.3d 747, 749 (9th Cir. 2006) (per curiam). We therefore do not address the agency's alternative finding that Gomez could not establish the good moral character required for cancellation of removal. *See* 8 U.S.C. §§ 1101(f)(6), 1229b(b)(1)(B).

4.     The BIA did not abuse its discretion in denying Gomez's motion to remand for ineffective assistance of counsel. *See Kwong v. Holder*, 671 F.3d 872, 880 (9th Cir. 2011) (stating standard of review). Gomez did not provide his former attorney with an "adequate opportunity to respond" to the allegations of ineffectiveness. *See Reyes v. Ashcroft*, 358 F.3d 592, 598–99 (9th Cir. 2004) (citing *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988)). Although "we have not hesitated to address ineffective assistance of counsel claims even when an alien fails to comply strictly with *Lozada*," *Ray v. Gonzales*, 439 F.3d 582, 588 (9th Cir. 2006), this is not a case in which "the record shows a clear and obvious case of ineffective assistance," *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002).

5.     The BIA did not abuse its discretion in refusing to reopen proceedings to allow Gomez to apply for adjustment of status, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The BIA assumed Gomez's eligibility for adjustment of status but reasonably concluded that his significant misrepresentations before the IJ disentitled him to this discretionary relief. *See Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). The BIA also

3

reasonably concluded that the evidence in support of the applications for asylum, withholding of removal, and CAT protection could have been presented at his prior proceedings before the IJ. *See* 8 C.F.R. § 1003.2(c)(1).

6. Because Gomez has not shown legal or constitutional error, we lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to remand proceedings. *See Menendez v. Whitaker*, 908 F.3d 467, 471 (9th Cir. 2018).

7. Gomez's motion to remand to terminate proceedings for lack of jurisdiction is denied. A notice to appear need not include the date and time of the hearing to vest jurisdiction. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160–62 (9th Cir. 2019).

**PETITIONS FOR REVIEW DENIED IN PART, DISMISSED IN PART.**