**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE ARCE-MARTINEZ, AKA George Martinez Arce, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-71912 <br><br> Agency No. A036-036-823 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2020[**]
Pasadena, California

Before: FERNANDEZ and LEE, Circuit Judges, and ORRICK,[***] District Judge.

Jorge Arce-Martinez, a native and citizen of Mexico, petitions for review of

a decision of the Board of Immigration Appeals ("BIA") denying his motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

reopen as untimely and declining to sua sponte reopen the deportation proceedings. We deny the petition.

Although Arce did not file his motion within ninety days of the BIA's final administrative decision,[1] he asserts that his motion was timely pursuant to equitable tolling because he filed within ninety days after a change of the law in *Bonilla v. Lynch*, 840 F.3d 575, 592 (9th Cir. 2016).[2] We disagree.

Arce argues that two BIA decisions prevented him from filing his motion to reopen before *Bonilla* changed the law. *See Matter of Armendarez-Mendez*, 24 I. & N. Dec. 646, 660 (BIA 2008), *overruled by Toor v. Lynch*, 789 F.3d 1055, 1057, 1064 (9th Cir. 2015); *Matter of Lok*, 18 I. & N. Dec. 101, 105–06 (BIA 1981). However, the first, *Armendarez-Mendez*, was overruled in 2015, over ninety days before Arce filed his motion to reopen. *See Toor*, 789 F.3d at 1057, 1064. And, rather than overruling *Lok*, *Bonilla* cited it with approval. *See Bonilla*, 840 F.3d at 589, 591. Because *Bonilla* did not change the law applicable to Arce's motion to reopen, the BIA did not abuse its discretion in concluding that the filing deadline

---

[1]*See* 8 C.F.R. § 1003.2(c)(2).

[2]*See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011); *cf. Luna v. Holder*, 659 F.3d 753, 760–61 (9th Cir. 2011).

2

was not equitably tolled during the period from the decision in *Toor* to the decision in *Bonilla*.

We have limited jurisdiction to review the BIA's denial of sua sponte reopening; we can determine only whether the BIA's decision rested on a legal or constitutional error. *See Menendez v. Whitaker*, 908 F.3d 467, 471 (9th Cir. 2018); *Bonilla*, 840 F.3d at 588; *Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014). Arce's sole argument is that the BIA made a legal error in deciding that *Bonilla* was not a relevant change in law. As discussed above, the BIA's decision was correct.

Petition **DENIED**.