NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATHALIA MATA-GARCILAZO, | No. 19-70028 |
| Petitioner, | Agency No. A099-477-447 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2021**
San Francisco, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and LEFKOW,*** District
Judge.

Nathalia Mata-Garcilazo, a native and citizen of Nicaragua and a citizen of

Honduras, petitions for review of the order of the Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

("BIA") denying her untimely motion to reopen removal proceedings. Mata-Garcilazo sought exceptions to the time limit based on ineffective assistance of counsel and changed country conditions. She also requested the BIA to exercise its authority to reopen her proceedings sua sponte based on exceptional circumstances and to consider her claim for cancellation of removal based on a change in law. We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition for review.

Because the parties are familiar with the facts of this case, we need not recount them here. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We review the BIA's findings of fact for substantial evidence. *Id.*; *Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir. 2004).

The BIA did not abuse its discretion in denying Mata-Garcilazo's motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2). Mata-Garcilazo did not establish changed country conditions in Nicaragua or Honduras that are material to any of her claims for relief. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (requiring material evidence of changed circumstances to qualify for exception to the time and numerical limitations for motions to reopen); *Najmabadi*, 597 F.3d at 987–90 (evidence must be "qualitatively different" to warrant reopening). The BIA found that the country conditions evidence "reflect[ed] political protests have taken place in Nicaragua for many years, including at the time of [Mata-Garcilazo's] removal proceedings in

2011," and that the recent political protests became less violent after the government agreed to engage in dialogue. The BIA also found "[t]he evidence show[ed] that gender violence in Honduras has been a concern for many years, particularly since 2009, and the government continues to take steps to control gang violence." Accordingly, the BIA's determinations were not "arbitrary, irrational, or contrary to law." *See Lin v. Holder*, 588 F.3d 981, 989 (9th Cir. 2009) (upholding the BIA's determination that the petitioner failed to establish a material change in country conditions where the decision was not "arbitrary, irrational, or contrary to law") (citation omitted).

The BIA's finding that Mata-Garcilazo did not establish due diligence in discovering the ineffective assistance of her counsel is supported by substantial evidence. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) ("First, we determine if (and when) a reasonable person in petitioner's position would suspect the specific fraud or error underlying her motion to reopen."). Significantly, the BIA found that record documents reflecting that her appeal had been filed pro se were dated years before Mata-Garcilazo filed her motion to reopen, and she could not specify when she conferred with legal counsel before conferring with current counsel in 2018.

Because the BIA did not abuse its discretion in denying the motion to reopen, we need not reach Mata-Garcilazo's arguments that she has shown prima

facie eligibility for asylum, withholding of removal, or relief under CAT. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Nor did the BIA err in denying her request to reopen her removal proceedings based on *Pereira v. Sessions*, — U.S. —, 138 S. Ct. 2105 (2018). The BIA addressed *Pereira* by assuming that Mata-Garcilazo was temporally eligible for cancellation of removal. In finding that she failed to prima facie establish that her citizen children would suffer exceptional and extremely unusual hardship upon her removal, the BIA did not rely on an incorrect application of the prima facie standard. *See Montero-Martinez* v. *Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002) (holding that judicial review of discretionary acts by the BIA is limited to "the purely legal and hence non-discretionary" aspects of the BIA's action).

Likewise, we lack jurisdiction to review the BIA's denial of sua sponte reopening because the BIA did not rely on an incorrect legal premise in its reasoning. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review [BIA] decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error."); *see Menendez v. Whitaker*, 908 F.3d 467, 471 (9th Cir. 2018). Instead, the BIA concluded that Mata-Garcilazo failed to establish "exceptional circumstances to warrant granting of her untimely motion," which is precisely the precise of

4

discretionary decision we lack jurisdiction to review. *See Bonilla*, 840 F.3d at 585–86.

**PETITION DENIED.**