**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENIE CARRANZA-SANDOVAL,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 16-73902<br><br>Agency No. A200-945-185<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2026[**]
Pasadena, California

Before: SCHROEDER, WARDLAW, and BADE, Circuit Judges.

Jenie Carranza-Sandoval, a native and citizen of Honduras, petitions for review of a final order of the Board of Immigration Appeals (BIA) denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The BIA did not err in deeming Carranza-Sandoval's application for asylum untimely. During immigration proceedings, Carranza-Sandoval conceded through counsel the untimeliness of her asylum application and the inapplicability of any exceptions to the one-year bar. The general rule is that "concessions in removal proceedings are binding except in egregious circumstances." *Menendez v. Whitaker*, 908 F.3d 467, 474 (9th Cir. 2018) (citation and internal quotation marks omitted). Carranza-Sandoval does not advance any argument as to why her prior concession falls within an exception to the general rule. *Cf. Santiago-Rodriguez v. Holder*, 657 F.3d 820, 831–32 (9th Cir. 2011) (listing some exceptions); *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 886 (9th Cir. 2003) (same).

2. Substantial evidence supports the BIA's denial of withholding of removal. To qualify for withholding of removal, an alien must demonstrate that it is more likely than not that her "life or freedom would be threatened in [the] country [of removal] because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see also Aden v. Wilkinson*, 989 F.3d 1073, 1086 (9th Cir. 2021). That standard is presumptively met if the alien can show an incident of past persecution related to the feared future threat to her life or freedom. *Aden*, 989 F.3d at 1086; 8 C.F.R. § 208.16(b)(1).

During immigration proceedings, Carranza-Sandoval credibly testified that

2

she suffered domestic abuse at the hands of her former partner in Honduras. In her testimony, Carranza-Sandoval described how on one occasion her then-partner threw her against a closet and hit her with the butt of a machete. When she told him that she was going to leave him because of these violent acts, her then-partner threateningly said, "remember you have a daughter, you have to think about it." She left him the following day. Carranza-Sandoval had no further encounters with her former partner until four months later, when he menacingly gestured at her by dragging his fingers across his neck while she walked past him on her way home from work. She left for the United States soon thereafter, and neither she nor her family has had any further encounters with him in the time since.

These events, grave as they are, do not compel the conclusion that the abuse Carranza-Sandoval suffered amounted to a past threat to her life or freedom. "We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm," i.e., "serious physical violence" accompanied by "serious injuries that required medical treatment," especially when the violence was "an isolated incident" rather than "part of an ongoing pattern of serious maltreatment." *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) (collecting cases). There is no evidence in the record that the acts of abuse caused Carranza-Sandoval any serious injury or required medical treatment, and the violence appears to have been confined to one event. And although threats

3

made against the petitioner can be a supporting factor, the threats made by Carranza-Sandoval's former partner were vague and hollow.  *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003).  And her children, whom the partner threatened to harm if she left Honduras, have remained there without incident.  On these facts, we cannot say that a reasonable factfinder would be compelled to find these incidents sufficient to establish past persecution.  *Cf. Halim v. Holder,* 590 F.3d 971, 975–76 (9th Cir. 2009); *Gu v. Gonzales*, 454 F.3d 1014, 1020–21 (9th Cir. 2006); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 1, is otherwise denied.