NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

LUIS FREDY LOPEZ HERRERA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 24-7571

Agency No.
A205-248-868

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026**
Pasadena, California

Before: BENNETT, KOH, and MENDOZA, Circuit Judges.

Petitioner Luis Fredy Lopez-Herrera, a native and citizen of Guatemala,

petitions for review of a Board of Immigration Appeals ("BIA") order denying his

motion to reopen proceedings related to his applications for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT").

Petitioner also challenges the BIA's decision not to invoke its sua sponte authority

to reopen his case. We have jurisdiction to review the BIA's order under

8 U.S.C. § 1252. We grant the petition in part and deny the petition in part.

We review the BIA's denial of a motion to reopen for abuse of discretion.

*Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023). "The BIA abuses

its discretion when it acts 'arbitrarily, irrationally, or contrary to the law,'" or "fails

to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d

1250, 1252–53 (9th Cir. 2014) (quoting *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098

(9th Cir. 2005)). Because motions to reopen are "disfavored," the agency has "broad

discretion" to grant or deny such motions. *Cui v. Garland*, 13 F.4th 991, 995 (9th

Cir. 2021) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)).

1. The BIA did not abuse its discretion in denying Petitioner's motion to

reopen for failure to submit evidence of material changed country conditions. When

a noncitizen seeks to reopen proceedings more than ninety days after a final order of

removal, they must provide evidence of material changed conditions in the country

of nationality or removal. 8 C.F.R. § 1003.2(c)(3)(ii); *see also Kaur v. Garland*, 2

F.4th 823, 830 (9th Cir. 2021). The evidence submitted in support of a motion to

reopen must be "qualitatively different from the evidence presented at the asylum

hearing," or the motion may be denied as time barred. *Salim v. Lynch*, 831 F.3d

1133, 1137 (9th Cir. 2016) (citation modified). Petitioner's newly submitted 2019 and 2022 country reports are largely cumulative of the findings of the 2017 report that was before the Immigration Judge ("IJ") with Petitioner's original application. *See Najmabadi v. Holder*, 597 F.3d 983, 989 (9th Cir. 2010) (holding that newly submitted evidence did not constitute material evidence of changed country conditions when it "describe[d] conditions similar to those found in the [previously submitted] report"). Petitioner points to evidence of increased violence towards indigenous populations and asserts a fear of harm because he was previously targeted for being indigenous. But this evidence is not material because Petitioner asserted a fear of gang members retaliating against him on account of his father's gang membership, not because he was indigenous. Because the BIA can deny a motion to reopen on the independent ground of failing to submit material evidence of changed country conditions, we do not need to reach Petitioner's arguments regarding the BIA's determination of his prima facie eligibility for relief. *See Fonseca-Fonseca*, 76 F.4th at 1180.

2. The BIA erred in declining to exercise its sua sponte authority to reopen because its decision rested on a legally erroneous premise. Although we generally lack jurisdiction to review denials of sua sponte reopening, we retain jurisdiction over sua sponte denials for the "limited purpose of determining whether the Board based its decision on legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575,

581 (9th Cir. 2016); *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002). Read in whole, the BIA's decision makes clear that it believed that Petitioner could not demonstrate prima facie eligibility for asylum and related relief because a previous conviction constituted a particularly serious crime under the INA and associated regulations. But the IJ's particularly serious crime determination rested on this court's decision in *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1065–68 (9th Cir. 2018), which was called into question by our decision in *United States v. Gomez* (*Gomez I*), 115 F.4th 987, 996 (9th Cir. 2024), *reh'g en banc granted, opinion vacated*, 133 F.4th 1083 (9th Cir. 2025), *and on reh'g en banc*, 165 F.4th 1199 (9th Cir. 2026)—published after Petitioner filed his motion to reopen.[1] Thus the BIA's decision not to exercise its sua sponte authority to reopen rested, at least in part, on the erroneous legal premise that Petitioner was categorically not eligible for asylum and related forms of relief. We therefore vacate the Board's order as to this issue and remand for the limited purpose of allowing the BIA to reconsider its decision not to sua sponte reopen in light of *Gomez II*.[2] *See Bonilla*, 840 F.3d at 592; *see also*

---

[1] In *Gomez I*, we held that *Vasquez-Gonzalez* and related decisions holding that California Penal Code § 245(a) is a crime of violence were clearly irreconcilable with intervening Supreme Court authority. 115 F.4th at 996. *Gomez I* was subsequently vacated by the en banc court in *United States v. Gomez* (*Gomez II*), 165 F.4th 1199, 1210 (9th Cir. 2026) (en banc), which explicitly overruled *Vasquez-Gonzalez*.

[2] The government faults Petitioner for failing to exhaust his sua sponte reopening arguments before the BIA but it is difficult to see how he could have done so given that he filed his motion to reopen *before* this court's subsequent

*Menendez v. Whitaker*, 908 F.3d 467, 471–75 (9th Cir. 2018) (remanding for the BIA

to reconsider whether to exercise its sua sponte authority to reopen when this court

held that a noncitizen's conviction was not "categorically a 'crime of child abuse'").

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**[3]

---

decisions in *Gomez I* and *Gomez II*. We therefore decline to apply the exhaustion requirement. *See Padilla-Padilla v. Gonzales*, 463 F.3d 972, 977–78 (9th Cir. 2006) (not requiring a petitioner to exhaust their arguments before the BIA when their arguments related to events occurring after briefing to the BIA was completed); *Alcaraz v. INS*, 384 F.3d 1150, 1158–59 (9th Cir. 2004) (same).

[3] The motion for a stay of removal (Dkt. No. 2) is granted.